## State *vs.* George C. Woods.

*Criminal Law—Manslaughter; Voluntary and Involuntary—*
*Unlawful Act—Self-Defense—Ejecting a Trespasser from*
*Premises—Indictment—Pleading—Evidence—*
*Verdict—Statute—Reasonable Doubt.*

1.  Manslaughter is the unlawful killing of another without malice express or implied.  It is of two kinds:  (1)  Voluntary manslaughter, where upon a sudden quarrel, two persons fight and one of them kills the other; or where a person greatly provokes another by some personal violence and the other immediately kills him;  (2)  Involuntary manslaughter, where one in committing an unlawful act tending to great bodily harm or in committing a lawful act without proper caution or without requisite skill, unguardedly or undesignedly kills another.

2.  To constitute the crime of manslaughter, the party charged must be engaged in an unlawful act when the killing  occurs, and to determine this fact the jury must be satisfied from the evidence that the prisoner was doing that which he had no right to do.

3.  A person has a right to eject from his premises, anyone who is acting in a disorderly or improper manner, and to effect this he may use sufficient force to accomplish this purpose; but if he employs more than is sufficient to attain this end he becomes a trespasser *ab-initio.*

4.  Where the indictment charges the prisoner with causing the death of the deceased by blows and violence, it being a necessary averment, it constitutes the gist of the offense and gives notice to the accused of that with which he is charged.   The facts alleged as to the killing and the manner of killing must be proved to the satisfaction of the jury beyond a reasonable doubt.

5.  Where a person is charged with a crime the offense should be alleged in the indictment, because otherwise the prisoner is not prepared and cannot make the defense that would be necessary for him to make.   If he is charged with force and violence in inflicting blows and injuries in an unlawful manner, from the effects of which death ensued, whether the blows were inflicted justifiably or unlawfully, if the averment in the indictment is not proved the prisoner cannot be convicted.

(*November* 13, 1896.)

Lore, C. J., and Grubb, Cullen and Marvel, Associate Judges, sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper*, *Jr.*, Deputy Attorney-General, for the State.

*Walter H. Hayes* for the prisoner.

At a Court of Oyer and Terminer for New Castle County, beginning November 13, 1896, the prisoner was placed upon trial upon an indictment charging INVOLUNTARY MANSLAUGHTER,

CULLEN, J., charging the jury,

Gentlemen of the jury:—George C. Woods, stands indicted for the crime of manslaughter in the killing of Howard J. Hannum, on the 17th day of August, 1896, in this city. The evidence on the part of the State and in behalf of the prisoner having been presented to you at the bar of this Court, it now becomes our duty to instruct you as to the law governing this case, which you are to apply to the evidence and render your verdict accordingly.

Manslaughter is the unlawful killing of another without any malice, express or implied. It is of two kinds, *first*, voluntary manslaughter, where upon a sudden quarrel two persons fight, and one of them kills the other; or where a man greatly provokes another by some personal violence, etc., and the other immediately kills him. *Second*, involuntary manslaughter, as defined by our present Chief Justice in the case of the *State vs. John Morahan*, "is where one in committing an unlawful act not felonious nor tending to great bodily harm, or in committing a lawful act without proper caution, or without requisite skill, unguardedly or undesignedly kills another."

The prisoner under this indictment, is charged with the offense of involuntary manslaughter, coming under and embracing the crime mentioned under the second division of the definition above given. To constitute this crime, the party charged must be engaged in an unlawful act when the killing occurs, and to determine this matter, you must first, from the evidence produced, be satisfied that the prisoner was acting unalwfully; in other words, doing that which he had no right to do. A person has a right to put off and eject from his premises any one who is acting in a disorderly or improper manner, and to effect this he

may use sufficient force to accomplish this purpose, but if he employs more than sufficient to attain this end, he becomes a trespasser *ab initio*, and would be liable, as if he were the original wrong-doer, though in the beginning he was but exercising the right every one enjoys under the law. If from the evidence you are satisfied that the prisoner was using only sufficient force to remove or eject the deceased, if he was behaving in a disorderly manner and disturbing his family, and in the exercise of such force he only used sufficient to attain that end and death ensued, the prisoner is not liable, and your verdict should be one of acquittal; but if you believe from the evidence that the prisoner violently attacked the deceased and used undue violence, he was acting unlawfully and if death ensued from the force and violence used he was guilty of involuntary manslaughter as claimed by the State, and you should find him guilty as he stands indicted.

This indictment charges the prisoner with causing the death of the deceased by reason of blows and violence inflicted by him. This is a necessary averment in the indictment, and constitutes the gist of the offense, and gives notice to the accused of that with which he is charged. Now, to convict the prisoner, the facts alleged as to the killing and the manner of killing must be proved to your satisfaction beyond a reasonable doubt; if not, the prisoner is entitled to the benefit of the doubt. You are therefore to take all the evidence offered bearing upon this branch of the case and satisfy yourselves whether, as alleged in the indictment, the deceased came to his death from the blows and violence inflicted by the prisoner, or came to his death from other causes.

We have been asked by the counsel for the prisoner, who denies the truth of the averments in the indictment, to charge you upon this question, and since the same has been adjudicated in our courts would quote the decision in part in the case of *State vs. Taylor, Houston's Criminal Cases*, delivered by Judge Wootten: "The prisoner at the bar, through his counsel, denies these allegations, and insists that there is no evidence that Mackey was cast, thrown and pushed into the creek by the prisoner at

the bar." (I might say here that this was an indictment for murder and the question came up as to the allegations in the narr not having any support by the proof.) The decision continues as follows: "And they further insist that there is no evidence whatever that Mackey came to his death by choking, suffocating and drowning. These facts must be established by the evidence to the satisfaction of the jury beyond a reasonable doubt, which may be direct or circumstantial or presumptive. This case rests entirely on circumstantial or presumptive evidence, and you must draw your conclusions from all the facts and circumstances which are in evidence before you."

On the same point, in the case of *State vs. Townsend*, in the same book (page 340) in the opinion delivered by the late Chief Justice Gilpin, he says as follows: "But as the Court has been asked to charge you by the counsel for the prisoner on one other point presented by him in the case, the Court will say to you that if the deceased's skull was fractured, not by a blow of some kind inflicted by the prisoner, but by his falling after he was struck by him, with his head against a stone or some other hard substance in the street, and there is sufficient evidence to satisfy you that such was the case, then the prisoner could not be convicted of manslaughter, or any other offense under the indictment, because it does not so allege the killing, but in a wholly different, and in a more direct manner. Or if the fatal blow was given in any other manner, or in any other way substantially or essentially different from those alleged in the indictment, and the jury should entertain a reasonable doubt on that point, of the guilt of the prisoner in manner and form as he stands indicted, he was entitled to the benefit of it, and should be acquitted." The decisions of our courts conform in every respect to all prior decisions in this country and England upon this subject. In other words, in short, where a party is charged with a crime, the offense should be alleged in the indictment, and that must be proved to the satisfaction of the jury beyond a reasonable doubt; because otherwise the prisoner is not prepared and cannot make the defense that would be necessary for him to make. You will observe

that in this case the prisoner is charged with force and violence in inflicting blows and injuries in an unlawful manner, from the effects of which this person died. Now whether these blows be inflicted justifiably or unlawfully, if the averment in the indictment is not proved beyond a reasonable doubt; in other words, if it is not clear to you that the person died from the effect of this violence, then the prisoner cannot be convicted.

We would rather say to you that where there is a conflict of testimony you must reconcile it if you can; if not, then you are to consider the intelligence of the witnesses; their opportunities and means of information, giving credit to such as you deem best qualified. You are the sole judges of the testimony. You must take or reject such as in your judgment you deem correct, or otherwise. Their manner and way of giving testimony is subject to your scrutiny. Witnesses may be competent, and by law allowed to testify, but the credibility of their testimony is to be weighed by you. In a word, you are the sole judges of all the testimony given in this case, and may give full faith to, or reject such as in your judgment you deem right and proper, in order to arrive at a proper verdict.

The same principles that I speak of have also been decided in the case of the *State vs. John Morahan*, in which our present Chief Justice delivered the opinion.

The good character of the accused may always be given in evidence. If the facts proved show conclusively, beyond a reasonable doubt, that the prisoner in any case is guilty as charged, good character is of no avail; but if there are doubts in the case which prevent a jury from reaching a moral conclusion, then a good character asserts itself and should be taken and considered by the jury as a preponderating circumstance against the guilt of the prisoner. Such has been the decision of our courts, and where proper doubts exist good character should always avail the prisoner.

I have not repeated the evidence. It is fresh on your minds. And that you are to judge, as to its effect as applied to the law as laid down by the Court. If you are satisfied from the evidence

that the prisoner did unlawfully, without legal right, assault the deceased and inflict the injuries as alleged in the indictment from which he died and the same caused his death beyond a reasonable doubt, your verdict should be guilty as indicated. But if the prisoner was but exercising what right as we have stated by law he is invested with, and used no undue force or violence beyond what was necessary and you are not satisfied beyond a reasonable doubt that the death which ensued was caused by force, then your verdict should be not guilty.

Under the provisions of our statute, a party indicted for a felony which involves an assault, may be acquitted of the felony and the jury may find a verdict for an assault; but to do this you must be satisfied from the evidence that the prisoner, with force and violence, attempted to do a corporal injury to the deceased from wantonness or malice. If you are satisfied from the evidence that such was the case you may acquit of the felony and find guilty of an assault; but to do this you must be satisfied that the prisoner was acting at the beginning unlawfully, or, if in defense of the assault made, that he exceeded the force necessary to be used. All these matters you are to determine from the facts.

Verdict, not guilty.