STATE *vs.* JOHN M. RICHARDSON.

1. CRIMINAL LAW—DEFENSES—FORMER JEOPARDY.

In general a conviction on the charge of assault and battery before the justice of the peace having jurisdiction in a proceeding regular and *bona fide* is a bar to a subsequent indictment for the same offense.

2. CRIMINAL LAW—JURISDICTION—JUSTICES OF THE PEACE—ASSAULT AND BATTERY.

Under *Rev. Code* 1915, § 3957, providing that every justice of the peace may punish by fine not exceeding $10 all assaults and batteries when the offense is not of high or aggravated character, provided that the defendant shall in writing submit to his decision, and provided that after hearing he shall consider that the case ought not to be submitted to a higher jurisdiction, the justice of the peace has no authority to fine an offender, unless he submits in writing to the jurisdiction. ·

3. CRIMINAL LAW—JURISDICTION—JUSTICES OF THE PEACE—ASSAULT AND BATTERY.

Under such section, the justice of the peace has no jurisdiction to fine one accused of assault and battery until after hearing in which is determined whether the assault is of such an aggravated nature that it should be submitted to the higher jurisdiction.

4. CRIMINAL LAW—DEFENSES—FORMER JEOPARDY—BURDEN OF PROOF.

When a defendant pleads a former conviction before a justice of the peace as a bar to a subsequent indictment, the burden is upon the pleader to set forth a state of facts which will show the jurisdiction and authority of the justice to do that which he did do.

5. CRIMINAL LAW—DEFENSES—FORMER JEOPARDY—BURDEN OF PROOF.

In a plea of former jeopardy, while it may not be necessary to set forth in detail the facts giving jurisdiction and authority to the justice before whom the former conviction was had there must be a sufficient statement of facts to warrant the lawful inference that legal requirements have been complied with.

6. CRIMINAL LAW—DEFENSES—FORMER JEOPARDY—BURDEN OF PROOF.

A plea of autrefois convict that in the same county and state complaint was made to a justice of the peace charging the same offense, and that defendant appeared before the justice, and in writing submitted to his decision, and pleaded guilty to the charge, whereupon the justice imposed upon defendant a fine of $10 and costs, the record being that defendant was summoned, appeared and submitted to decision and was fined, was insufficient to show the jurisdiction of the justice under the statute.

(*April* 9, 1917.)

Judges RICE and HEISEL sitting.

*David J. Reinhardt*, Attorney General, and *Daniel J. Layton, Jr.*, Deputy Attorney General, for the state.

*Frank M. Jones, James M. Tunnell*, and *Robert G. Houston* for defendant.

Court of General Sessions, Sussex County, April Term, 1917.

INDICTMENT, No. 4, April Term, 1917.

John M. Richardson was indicted for an assault and battery. On general demurrer to a plea of *autrefois* convict. Sustained. The questions of law raised appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

The indictment in this case alleges that the defendant committed an assault and battery upon one Patrick A. Kelley in this county, on the nineteenth day of February, A. D. 1917.

The defendant filed a special plea of *autrefois* convict. This plea substantially is in the following language:

"And the said John M. Richardson, the above named defendant, in his own proper person cometh into court here and having heard the said indictment read, saith that the said state of Delaware ought not further to prosecute the said indictment against him, the said defendant, because he saith that heretofore, to wit, on the twenty-fourth day of February, A. D. 1917, at the town of Georgetown, in the county and state aforesaid, complaint was made under oath by one Hiram E. Short before John R. Steele, Esquire, one of the justices of the peace of said State of Delaware, in and for said County of Sussex, charging this defendant with an assault and battery upon one Patrick A. Kelley, on or about the nineteenth day of February, A. D. 1917, the said assault and battery so as aforesaid charged against this said defendant being the same offence alleged in the above named indictment, and being so charged with said assault and battery the said defendant appeared before said justice of the peace and in writing submitted to the decision of said justice of the peace according to the Act of Assembly in such case made and provided, and pleaded guilty to said charge of assault and battery; whereupon the said John R. Steele, justice of the peace as aforesaid, imposed upon this, defendant a fine of ten dollars and cost of prosecution; the record of said proceedings before said justice of the peace being in the words and figures following, to wit [omitting caption and number]:

"'Be it remembered that on this 24th day of February, A. D. 1917, personally appeared before me John R. Steele, a justice of the peace of the State of Delaware in and for Sussex County, Hiram E. Short, who being by me duly sworn deposes and say that on or about the 19th day of February, 1917, one John M. Richardson did commit assault and battery on one Patrick A. Kelley, with his fist against the act of the General Assembly in such case made and

provided and against the peace and dignity of the State of Delaware.    Sworn and subscribed before me the 24th day of February, A. D. 1917.

"'Whereupon I, John R. Steele, a justice of the peace aforesaid, issued a summons for Patrick A. Kelley the person upon whom it is alleged that such an assault and battery was committed as a witness in the case and delivered the same to Hiram E. Short, constable, for service returnable forthwith at my office in Georgetown, Sussex County and State of Delaware.    Summons returned served personally on Patrick A. Kelley, February 24, 1917.

"'John M. Richardson, the defendant, having been notified of this proceeding did voluntarily appear and pleads guilty to the said charge and submits the case to my decision in writing.

"'The said Patrick A. Kelley the person upon whom the alleged assault and battery was committed fails to appear.    Whereupon I, John R. Steele, the said justice of the peace do hereby impose a fine of ten dollars and cost of suit.    The said fine and cost being paid.    The defendant is hereby discharged.                                                John R. Steele, J. P.

"'Received the above fine of ten dollars Feb. 24, 1917.

                                                H. E. Short, Const.

"'I, John M. Richardson, the defendant in this case, hereby submits to the decision of John R. Steele, the justice of the peace, Feb. 24, 1917.

                                                "'John M. Richardson.'

"And the said defendant says that the proceedings had and held before said justice of the peace, together with the conviction of said defendant and the imposition of said fine and costs all were in conformity with the provisions of the act of assembly of the State of Delaware in such case made and provided, which said judgment still remains in full force and effect, and not in the least reversed or made void.

"And the said defendant in fact says that he, the said John M. Richardson, and the said John M. Richardson named and mentioned in the proceedings above set out before said justice of the peace, are one and the same person, and not other and different persons.

"And of this, he, the said John M. Richardson, is ready to verify; wherefore he prays judgment, and that by the court here he may be dismissed and discharged from the said premises in the present indictment specified, and to said indictment said defendant pleads not guilty."

The Attorney General demurred generally to the plea and contends that the plea is insufficient in that it does not allege a hearing as required by statute was had in the cause before the justice of the peace.

[1]    As a general principle of law it may be stated that a conviction, on a charge of assault and battery, before a justice of the peace having competent jurisdiction, in a proceeding that is regular and *bona fide* is a bar to a subsequent indictment for the same offense.

The general jurisdiction of justices of the peace in cases of assault and battery, and the authority of the justices to punish by fine is contained in *Section* 3957, *Revised Code* 1915, which provides:

"Every justice of the peace may punish by fine, not exceeding ten dollars, all assaults and batteries, and other breaches of the peace punishable by any law of the state, when the offense is not of a high or aggravated nature: Provided, that the defendant shall, in writing, submit to his decision; and provided also, that after hearing, he shall consider that the case ought not to be submitted to a higher jurisdiction; otherwise he shall commit, or bind, the defendant for his appearance at the proper court to answer the charge.* * *"

It will be observed that the authority of justices of the peace to impose fines not in excess of ten dollars in cases of assault and battery is limited by the two provisos to those cases where the defendant shall, in writing submit to the jurisdiction and also when after hearing the justice shall consider the case ought not, by reason of the nature and character of the offense, be submitted to a higher jurisdiction.

[2] We believe it not to be susceptible of reasonable argu- that a justice of the peace, for offenses falling within the provi- sions of *Section* 3957, would have authority to fine an offender as therein provided, unless the person charged should submit in writing to the justice's jurisdiction.

[3] As the authority of the justice, in such cases is dependent upon the observance of the provisions of the first proviso, like- wise his authority must be equally dependent upon the observance of the provisions of the second proviso, viz., the determination by the justice, *after hearing*, that the assault and battery is not of such an aggravated nature that it should be submitted to a higher jurisdiction.

It is necessary for the justice to determine whether the assault was or was not of an aggravated nature, for he has only authority to fine when it is not of a high and aggravated char- acter. To properly determine the character of the assault he must hear evidence concerning the facts and circumstances sur- rounding the assault including the nature of the injuries inflicted, for otherwise it would be impossible for him to properly and lawfully determine this question.

While the proceedings, in such cases, before the justices of the peace are of a somewhat summary nature, yet the policy of our statute law clearly is that the proceedings should be of a character adverse to the defendant and not of an *ex parte* character with the defendant as the party instigating or procuring the proceeding. *Section 3969, Rev. Code* 1915, provides:

"In any case when complaint has been made before a justice of the peace, * * * that an assault and battery has been committed upon any person other than the person making such complaint, it shall be the duty of the justice of the peace, to summon the person upon whom it is alleged that such assault and battery was committed, and such person shall be a witness in the case. * * *"

The justice's authority to fine for assaults being dependent not alone upon the defendant's submission in writing but also upon the fact that there was a hearing in the case, then a fine imposed by the justice without a hearing, would be without authority on his part and his act in such event could be nothing more than a nullity.

[4, 5] When a defendant pleads a former conviction before a justice of the peace as a bar to a subsequent indictment, the burden is upon the pleader to set forth a state of facts which will show the jurisdiction and authority of the justice to do that which he did do. While it may not be necessary in such a plea to set forth in great detail those facts giving jurisdiction and authority to the justice, yet there must be a sufficient statement of facts from which it will appear as a matter of reasonable and lawful inference that the requirements of the law have been complied with. If the plea should fail in this respect, then upon demurrer it must be held insufficient as a bar to a subsequent presentment.

[6] The court are of the opinion that the plea filed in this case neither sets forth the fact that a hearing was had, nor is there such a statement of facts from which it may be reasonably inferred that a hearing, within the provisions of the statute, was had before the justice, therefore the demurrer to the plea should be and is sustained.