**Bruce BRASURE, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Jan. 5, 1972.

Henry A. Wise, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Kent Walker, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant, Bruce C. Brasure, has appealed from a sentence imposed in Superior Court after a jury verdict finding him guilty of assault and battery under T. 11 Del.C. § 105. He challenges the jurisdiction of the Superior Court to try the case; he also charges error at the trial in the admission of certain evidence and in the charge to the jury concerning his right to use force in evicting a trespasser.

The record contains evidence to justify the jury in finding the facts to be as follows: The appellant, who is 18 years old, lives in his mother's home. On the evening of the events mentioned herein, his mother was not present. The appellant came home rather late at night to find that his 16-year-old brother, Harry, had invited in several teenagers. The appellant was annoyed by this and told the visitors to leave. The victim got into the argument, and finally invited the appellant to "come outside;" the latter refused to do so and sat down on a sofa. After several minutes, Harry began to argue with the victim, whereupon the appellant went to the kitchen and came back with a knife about 12 to 15 inches long. Someone pushed him to his knees, from which position, without warning, he stabbed the victim in the side. All the visitors then left.

After his arrest, the appellant was taken into Municipal Court of Wilmington, which ordered him held upon a charge of assault with intent to murder, a felony. The Grand Jury later returned a true bill

charging only assault and battery, a misdemeanor.

## I.

■ The appellant's challenge to the jurisdiction of Superior Court is based largely upon T. 11 Del.C. § 5904, which grants the power to Justices of the Peace to punish, by a fine not exceeding $100.00, assaults and batteries which are not of a high or aggravated nature.[1] He then argues that, under T. 11 Del.C. § 2701(d), this same jurisdiction is vested in the Municipal Court of Wilmington,[2] if the offense occurs within the city limits. He then contends that the Superior Court can have no original jurisdiction to try an assault and battery case unless a Justice of the Peace or the Municipal Court has had a hearing at which it determines that the offense is of a high or aggravated nature.

■ This argument overlooks T. 11 Del.C. § 2701(e), which confers jurisdiction, original and concurrent, over all crimes, upon the Superior Court, except where jurisdiction is exclusively vested in another Court. There is no statute which confers exclusive jurisdiction over assault and battery cases upon either a Justice of the Peace or the Municipal Court of Wilmington. Moreover, the charge against the appellant in the Municipal Court was a felony as to which that Court may act only in the capacity of a committing magistrate; jurisdiction to try felonies is exclusively in the Superior Court. The fact that the Grand Jury saw fit to indict appellant only for a misdemeanor (under 11 Del.C. § 105) does not deprive the Superior Court of its power to try the case on the merits under its concurrent jurisdiction. Halko v. State, Del.Supr., 209 A.2d 895 (1965).

## II.

■ The appellant contended at trial that his acts were justified as having been done in necessary self-defense. This question was duly submitted to the jury, which found against him. There was ample evidence to justify that finding.

## III.

■ Appellant next contends that his action was justified because it was reasonably necessary in compelling the visitors to leave. He asked the trial Court to charge the jury that he was head of the house in his mother's absence. He asserts this status because he is the oldest son and because, according to his testimony, his mother had expressly told him that he was in charge when she was not at home. There was some conflict in the testimony concerning this latter statement. In substance, the trial Judge charged the jury that, if appellant was the head of the house, he had the right to use such force as was reasonably necessary to evict a trespasser, but that this defense was not available to him if he used more force than was reasonably necessary for that purpose. This statement of the law is substantially correct, State v. Woods, Del.O. & T., 7 Pennewill 499, 77 A. 490 (1896); 6 Am. Jur.2d 72; in the factual situation, it was adequate. We find no merit to this contention.

## IV.

■ Appellant's final argument has to do with a few questions which were asked of the appellant in cross-examination by the State. These questions had to do with whether or not his mother had sometime

---

1. It would seem that § 5904 is intended only to grant and define the limited jurisdiction of a Justice of the Peace and thus has no effect upon the powers of any other Court. Cf. State v. Richardson, Del.Gen.Sess., 7 Boyce 6, 102 A.2d 82 (1917). We need not resolve this question for present purposes.

2. The Municipal Court of Wilmington has jurisdiction to try all misdemeanors which occur within the city, except where *exclusive* jurisdiction is conferred upon some other Court. T. 11 Del.C. § 2701(d). The limiting language of T. 11 Del.C. § 5904 is not included in § 2701(d).

previously ordered him to leave the home. The questions were answered and the Court refused counsel's application to strike the answers. In fact, the appellant denied the suggestion that he had left at the mother's direction, explaining his previous absence as having been caused by someone other than the mother. His explanation was not contradicted. Obviously, the answers to the questions could have had a bearing upon his "head of the house" contention; even if they were inadmissible, they were nevertheless harmless. The matter was clearly too insignificant to constitute reversible error.

The judgment below will be affirmed.