STATE of Delaware

v.

**John E. CONNORS, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Jan. 8, 1986.

Decided: Jan. 9, 1986.

Joseph M. Bernstein, Wilmington, for defendant.

Joseph J. Longobardi, III, Wilmington, for State.

GEBELEIN, Judge.

This case raises the issue of subject matter jurisdiction over an individual who purportedly committed a criminal offense when he was a juvenile, but who was not arrested or charged with that offense until after he had reached the age of eighteen years. The defendant is charged in a four count indictment with Theft Felony allegedly occurring during February, 1985;

Theft Felony allegedly occurring in March, 1985; Conspiracy Second Degree allegedly occurring in March, 1985; and, Criminal Mischief allegedly occurring in March, 1985. Defendant's birth date is April 1, 1967. There has been no allegation that the State deliberately delayed bringing charges against the defendant who was not arrested until October of 1985.

The defendant, in moving to dismiss the indictment, contends that since his alleged criminal acts occurred at a time when he had not yet reached age 18, Family Court has exclusive jurisdiction to try this matter. Thus, defendant continues the indictment must be dismissed for lack of jurisdiction in the Superior Court.

It is provided that "The Superior Court shall have jurisdiction, original and concurrent, over all crimes, except where jurisdiction is exclusively vested in another Court." 11 *Del.C.* § 2701(c). *See also, Brasure v. State,* Del.Supr., 291 A.2d 287 (1972). The issue on this motion, thus becomes, whether or not Family Court has been granted exclusive jurisdiction over the offenses charged.

The act granting Family Court jurisdiction in delinquency matters states as follows:

> The Court shall have exclusive original civil jurisdiction in all proceedings in this State concerning:
>
> \*    \*    \*    \*    \*    \*
>
> (2)a.  Any child charged in this State with delinquency by having committed any act or violation of any law of this State ... 10 *Del.C.* § 921(2)(a).[1]

The purpose of the creation of Family Court is set forth to include the principle "... that 1 court shall have original statewide civil and criminal jurisdiction over family and child matters and offenses ...". 10 *Del.C.* § 902(a).

The statute conferring jurisdiction upon Family Court gives that Court jurisdiction over "any child" charged with delinquency. The Family Court Act defines child as "a person who has not reached his 18th birthday." 10 *Del.C.* § 901(3). This suggests that there exists no delinquency jurisdiction over a non-child. Furthermore, the act makes specific provisions for Family Court disposition of individuals who are charged with delinquency prior to reaching age eighteen, but who are adjudicated delinquent subsequent to reaching that age. *See* 10 *Del.C.* § 937(b)(17). This provision of the statute would be redundant if the Court had exclusive jurisdiction over all offenses committed by individuals prior to reaching age eighteen.

It is a principle of statutory construction that the General Assembly cannot be presumed to have performed a meaningless act. Thus, it must be assumed that the language of § 937(b)(17) was inserted for some reason. The only logical reason is that Family Court would otherwise lose delinquency jurisdiction when the respondent reached the age of eighteen.

It is clear to this Court that the jurisdiction granted to Family Court is based upon the age of the defendant at the time charges are placed. This is logical in light of the purpose of Family Court to treat juveniles differently from adult offenders. *See Fletcher v. State,* Del.Supr., 409 A.2d 1254 (1979); the availability of non-amenability proceedings, *see* 10 *Del.C.* § 938; and the prior recognition of the Court that the age of the offender is the factor upon which jurisdiction is based. *See State v. Anderson,* Del.Super., 385 A.2d 738 (1978).

For the reasons stated, the Court concludes that where an offense is committed by a child who becomes an adult prior to charges being initiated, jurisdiction rests in Superior Court.

Motion denied.

IT IS SO ORDERED.

---

1. The statute conferring criminal jurisdiction upon Family Court does not seem to apply in this case. *See,* 10 *Del.C.* § 922. Likewise, the general jurisdiction provisions of 10 *Del.C.* § 925 are not helpful.