DAVID BELL *vs*. THE STATE OF MARYLAND, USE OF WILLIAM MILLER.—*December* 1846.

A party in custody, upon a writ of *ca. sa.*, issued upon a judgment rendered by a justice of the peace, upon a subject matter within his jurisdiction, cannot be discharged from such custody upon a writ of *Habeas Corpus.*

An appeal from a judgment of the county court, overruling a motion for a discharge from custody upon the return of a *Habeas Corpus*, is not an appeal from a judgment or determination of that court, in a civil suit or action within the contemplation of the act of 1785, ch. 87.

The writ of *Habeas Corpus*, is a proceeding summary in its character, addressed to the discretion of the judge or tribunal, to whom application for it is made, so far as the discharge of the party is concerned. It is not final and conclusive upon such party.

Imprisonment under a judgment, cannot be unlawful, unless that judgment be an absolute nullity.

Where the judgment on which an execution has been issued, is merely erroneous, and liable to be examined upon appeal from it, the writ of *Habeas Corpus* cannot be applied.

APPEAL from *Washington* county court.

On the 21st May 1846, the appellant filed his petition, alleging, that he was illegally detained in jail, praying that the cause of his detention might be examined into, and he discharged from prison.

On the same day, the court, (BUCHANAN, A. J.,) ordered a writ of *Habeas Corpus* to issue. Upon the return of the writ,

*Bell* moved for his discharge from custody, and the parties agreed upon the following statement:

"*Etnyre* and *Besore* recovered a judgment before *William H. Boyd, Esq.*, a magistrate, against the prisoner, *David Bell*; said judgment was superseded by a certain *William Miller*. When the judgment became due, *Geo. W. Smith*, as agent for *Etnyre* and *Besore*, ordered the said *Boyd* to issue a *ca. sa.* against *Bell* and *Miller*, which was placed in the hands of a constable; *Bell* was taken by virtue of said *ca. sa.*, and committed to jail, and *Miller* was returned *non est*, although living in *Hagerstown*. After the commitment of *Bell*, *Miller*, at the suggestion of the said *Geo. W. Smith*, placed in the hands of the said *Geo. W. Smith*, the amount of said judgment, with directions that the same should not be paid over to the constable, until *Bell* should be discharged under the insolvent laws of *Maryland*, in order that said payment might create a new debt against *Bell* in favor of *Miller*. After *Bell* had been confined for nearly two weeks in the county jail, he petitioned, to wit, on the 14th day of May 1846, one of the judges of the orphans court of *W.* county, for the benefit of the insolvent laws, and was on the same day discharged from custody. Immediately after his discharge, he was arrested by a constable, under a warrant issued by the said *Boyd*, upon a claim in favor of the constable, who was acting in the collection of the debt of the said *Etnyre* and *Besore*, against the said *Bell* and *Miller*, and taken to the office of the said *Boyd*. On reaching the office, the same was found closed, and while the prisoner was there remaining in the custody of the officer by whom he had been arrested, the aforesaid *Geo. W. Smith* paid over to the said constable the money which had been deposited with him, as aforesaid, by the said *Miller*. Thereupon the said *Smith*, as the agent of the said *Miller*, ordered a warrant against the said *Bell* for the amount thus paid, which warrant was issued by the said *Boyd*, at some place other than at his office. As soon as the last named warrant had been issued, the said *Boyd* repaired to his office to receive the return of the other constable in the case, in favor of *Thos. E. Schleigh*, the first constable. The said *Schleigh*

thereupon abandoned his claim against *Bell*, and arrested him upon the warrant in favor of *Miller*, which was returnable two days thereafter. Good security was offered to the constable, *Schleigh*, for the appearance of *Bell* on the return day of the warrant, which was refused, and the prisoner was committed to jail. At the time of the trial, the prisoner pleaded his personal discharge under the aforesaid insolvent laws, but the justice refused the same, and rendered an absolute judgment for the money, upon which judgment the said *Bell* was committed to prison. It is admitted, that the money was paid by *Miller*, in the manner above described, about ten or fifteen minutes after *Bell's* discharge, but upon the same day. It is further admitted, that the said *Geo. W. Smith* is not an attorney or counsellor to practice law.''

The county court overruled the motion of the appellant for his discharge, and he prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By MASON and TIDBALL for the appellant, and
By MURRAY for the appellee.

MARTIN, J., delivered the opinion of this court.

This case comes before this court, by an appeal from an order passed by *Washington* county court, dismissing the application of the appellant to be discharged from imprisonment, on a writ of *Habeas Corpus*, and remanding him to the custody of the sheriff.

It appears from the record, that the appellant was in the custody of the sheriff, under a *Capias ad Satisfaciendum*, issued on a judgment which had been rendered against him, by a justice of the peace for *Washington* county, in favor of *William Miller*. The cause of action, on which the judgment was rendered, arose out of a debt paid by *Miller*, as the security of the appellant, on the day on which he was released from imprisonment by the insolvent laws of the State; and which, *Miller* contended, was not covered by the insolvent's discharge.

In this condition of the case, the first question presented for our examination, is, whether an order of this kind, is the subject of an appeal to this court?

The counsel for the appellant have placed his right to appeal from this order, on the sixth section of the act of Assembly, of 1785, chap. 87, and the act of 1804, chap. 55, by which the powers of the *General Court* are transferred to the Court of Appeals. The act provides:—"That any party or parties aggrieved by any judgment or determination of any county court, in any civil suit or action, or any prosecution for the recovery of any penalty, fine or damages, shall have full power and right to appeal from such judgment, or determination, to the *General Court*."

It is clear, we think, that the order of a county court dismissing the application of the petitioner to be discharged from custody, on a writ of *Habeas Corpus*, is not a determination or judgment of the court, in a civil suit or action, in the contemplation of the act of 1785, chap. 87, so as to authorise an appeal.

The writ of *Habeas Corpus*, although a most important and valuable remedy, and brings up the body of the party, with the grounds on which he has been deprived of his liberty, for the examination of the court :—is a proceeding, summary in its character, addressed to the discretion of the judge, or tribunal, to whom the application is made, so far as the discharge of the party is concerned;—a proceeding where, in many cases, the evidence upon which the judgment is founded, cannot be presented to the appellate court, and is not final and conclusive upon the party applying for the writ; as he may prefer a similar application, to any other judge or court of the State. An order, therefore, dismissing such a petition, has none of the characteristics of those judgments, which have been regarded by this court as proper subjects for an appeal.

We think, however, if this was a subject of review, that the court below committed no error, in remanding the appellant to the custody of the officer, and dismissing the petition.

It is apparent, from the statement of facts, to be found in the record, that the judgment of the justice of the peace, rendered

in this case, was not a void judgment. The magistrate had undoubted jurisdiction, both of the parties and the subject matter of the suit, and if this judgment was erroneous, the mode in which it was to be corrected, was by an appeal to the county court, as prescribed by the act of Assembly. It cannot be held, that the court, upon this writ, had the power to look beyond the judgment, and re-examine the grounds on which it was rendered, and practically reverse it. 3 *Pet.*, 202. Imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous. 3 *Pet.* 203.

Although the right to the writ of *Habeas Corpus,* in many civil causes, as in the domestic relations of husband and wife, and parent and child, is unquestionable;—yet the power to use this writ, for the purpose of discharging a party from final civil process, has been questioned by very distinguished authority. *Ex-parte, Wilson,* 6 *Cran.,* 52. *Cable vs. Cooper,* 15 *John.,* 152.

However this may be, and in reference to this question we desire to express no opinion, it is established, and upon the most conclusive reasons, that where the judgment upon which the execution has been issued, is merely erroneous, and liable to be examined, by an appeal from it, the writ of *Habeas Corpus* cannot be applied.

In *Ex-parte, Kellogg,* 6 *Vt. R.,* 511, the court say :— " *Habeas Corpus,* is not a proceeding to set aside an irregular or an erroneous judgment. To discharge the prisoner, would deprive the creditor of the power of enforcing his judgment, and, at the same time, leave it in full force, unreversed. The execution is only to be treated as void, when the judgment is void. This is never the case, when the court has jurisdiction of the subject matter, and the parties; especially, if the defendant has had actual and timely notice."

In *Ex-parte, Randolph,* 2 *Brock.,* 472, judge *Barbour* remarks :—"*Habeas Corpus* will not lie, where imprisonment is under voidable process; but only where it is merely void: for void process is the same thing as if there were none at all; and

39     v.4

the party is, in effect, imprisoned, without any authority whatever." And after distinguishing the cases of *Ex-parte, Wilson,* and *Cable against Cooper,* from the one before him, on the ground, that in those cases the judgments were re-examinable by writs of error, he holds : That in cases where the execution, if it does not conform to the judgment, may be quashed by the court; and if it does, and the judgment is erroneous, it can be corrected in a court of appellate jurisdiction, the writ of *Habeas Corpus* will not lie.

The same doctrine is announced in *Ex-parte, Watkins,* 3 *Pet.,* 193, and fully sustains the judgment of the court below.

APPEAL DISMISSED WITH COSTS.