## In the Matter of the Petition of Samuel S. Coston.

APPEALS: PRACTICE IN COURT OF APPEALS.—It is the exclusive right and province of the Court of Appeals to determine the bounds of its jurisdiction, and decide in what cases an appeal does or does not lie from the judgments of inferior tribunals.

APPEAL IN CASES OF HABEAS CORPUS.—The case of *Bell vs. The State*, 4 *Gill*, 304, referred to and recognized in *Mace vs. The State*, 5 *Md. Rep.*, 337, must be regarded as decisive of, and denying the right of appeal in cases of *habeas corpus*, issued by Courts or judges having jurisdiction and legal authority to issue the same.

PETITION filed in the Court of Appeals of Maryland.

This was a petition filed in this Court, asking the Court to pass an order requiring the Clerk of the Criminal Court of Baltimore city to make out and transmit to the said Court of Appeals a transcript of the record in a *Habeas Corpus* case in said Criminal Court, wherein Sarah Coston, the mother and next friend of Simon Coston and Washington Coston, was petitioner, and the said Samuel S. Coston respondent; in which case the said Samuel S. Coston had prayed an appeal from an order of the said Criminal Court, discharging the said Simon and Washington, but which said prayer of appeal had been overruled by the Court below, (BOND, J.,) on the ground that no appeal lies in cases of *Habeas Corpus*. With the petition were filed certified copies of the papers filed in the *Habeas Corpus* case, the contents of which need not here be particularly set forth, as they will fully appear in the case of *Coston vs. Coston*, hereafter to be reported.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Wm. Schley* and *Ezekiel F. Chambers*, for the petitioner; no appearance *contra*.

The points argued in the matter of the petition are much more elaborately presented in the written arguments submitted in the *Habeas Corpus* case, afterwards brought to this

Court on writ of error, and decided at the April Term 1866; it is, therefore, deemed unnecessary to present them here.

· Bowie, C. J., delivered the opinion of this Court:

It is the exclusive right and province of this Court to determine the bounds of its jurisdiction, and decide in what cases an appeal does or does not lie from the judgments of inferior tribunals, otherwise suitors might be entirely deprived of the benefit of an appeal, by the very authors of the errors by which they deem themselves aggrieved.

The Acts of Assembly and the Code, have declared the cases in which appeals will lie, and the manner and time of taking and prosecuting appeals from Courts of Law. These are limited to "any judgment or determination of any Court of Law, in any civil suit or action," &c. Code, Art. 5, sec. 3.

The legal interpretation of these terms, which were derived from preceding Acts of Assembly, has been established by this Court in the case of *Bell vs. The State,* 4 *Gill,* 304, where it was said: "It is clear, we think, that the order of a County Court, dismissing the application of the petitioner to be discharged from custody, on a writ of *"habeas corpus,"* is not a determination or judgment of the Court, in a civil suit or action, in the contemplation of the Act of 1785, ch. 87, so as to authorise an appeal."

Among the reasons assigned for this conclusion are, that the writ of *habeas corpus,* is a proceeding summary in its character, addressed to the discretion of the Judge or tribunal, to whom the application is made, so far as the discharge of the party is concerned; a proceeding where, in many cases, the evidence upon which the judgment is founded cannot be presented to the Appellate Court, and is not final and conclusive upon the party applying for the writ, as he may prefer a similar application to any other Judge or Court of the State.

This case has been referred to and recognized in the case of *Mace vs. The State,* 5 *Md. Rep.,* 337, upon an incidental

point. It must be regarded as decisive of the question of the right of appeal in cases of *habeas corpus*, issued by Courts or Judges having jurisdiction and legal authority to issue the same. In such cases, we hold, where there has been no assumption of authority, no right of appeal has been given by the statute or Code to this Court, and none exists. The petition must therefore be dismissed.

*Petition dismissed.*

(Decided July 7th, 1865.)