## THE MAYOR, COUNSELLOR AND ALDERMEN OF THE CITY OF ANNAPOLIS *vs.* WILLIAM HOWARD.

### *Appeal—Habeas Corpus.*

No appeal lies by a municipal corporation from an order of a Judge of a Circuit Court, in a *habeas corpus* proceeding, discharging the petitioner from custody under a commitment issued by a Justice of the Peace on a judgment convicting him of violating an ordinance of the municipality.

Appeal from the Circuit Court for Anne Arundel County. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., McSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*Elihu S. Riley*, for the appellant.

*James W. Owens* and *J. Randall Magruder*, for the appellee.

ROBERTS, J., delivered the opinion of the Court.

The appeal in this case is taken from an order passed by the Honorable James Revell, one of the Associate Judges of the Fifth Judicial Circuit of the State of Maryland, discharging the appellee from the custody of the Sheriff of Anne Arundel County. It appears from the record that the petitioner was in the custody of the sheriff of said county under a warrant of commitment issued by a Justice of the Peace of said county on a judgment convicting him of violating an ordinance of the city of Annapolis, requiring all persons, who bring their own growth of products to the city for sale during market hours, to take out a license

therefor.   In this state of case, the appellee applied for the writ of *habeas corpus.*   The only question before us is, whether an appeal lies from an order of this character.

The appellant, in its brief, admits that " up to the present, Maryland has neither allowed writs of error nor appeals from orders on *habeas corpus,* except under the Acts of 1874 and 1880."   But it is contended that since the passage of the Act of 1892, ch. 506, a different practice ought to prevail, and appeals in *habeas corpus* cases be allowed.   An examination of the provision of that Act will not justify any such conclusion.   Section 77 of the Act reads : " The parties to criminal proceeding shall be entitled to bills of exceptions, in the same manner as in civil proceedings, and appeals from *judgments* in criminal cases may be taken in the same manner as in civil cases," &c.   The appellant's contention can only be made effective by construing the order passed by the learned Judge in this case as a judgment in a criminal case, from which an appeal would lie in the same manner as in civil cases.

To do this, would require us to reverse a long line of decisions in this Court, which have not, in a single instance, been departed from.   As illustrating the view which has been so long sanctioned by this Court, and which, we think, we are fully justified in reasserting, notwithstanding the supposed growth of a different doctrine in other States, we call attention to the views of this Court as stated in *Bell* v. *State,* 4 Gill, 301.   In that case the Court had under consideration the 6th section of the Act of 1785, ch. 87, which is now found in the Code, Art. 5, sec. 2, slightly modified, but not materially changed, and reads as follows : " From any judgment or determination of any Court of Law in any civil suit or action, or in any prosecution for the recovery of any penalty, fine or damages, any party may appeal to the Court of Appeals."   Judge Martin, delivering the opinion of the Court in Bell's case, said: " It is clear, we think, that the order of a County Court dismissing the application of the petitioner to be discharged from custody on a writ of *habeas*

*corpus*, is not a determination or judgment of the Court in a civil suit or action, in the contemplation of the Act of · 1785, chap. 87, so as to authorize an appeal. The writ of *habeas corpus*, although a most important and valuable remedy, and brings up the body of the party, with the grounds on which he has been deprived of his liberty, for the examination of the Court, is a proceeding summary in its character, addressed to the discretion of the Judge or tribunal to whom the application is made, so far as the discharge of the party is concerned; a proceeding where, in many cases, the evidence upon which the judgment is founded, cannot be presented to the Appellate Court, and is not final and conclusive upon the party applying for the writ, as he may prefer a similar application to any other Judge or Court of the State. An order, therefore, dismissing such a petition, has none of the characteristics of those judgments, which have been regarded by this Court as proper subjects for an appeal." See also, *ex parte O'Niell*, 8 Md. 229; *Mace* v. *State*, 5 Md. 337; *ex parte Coston*, 23 Md. 271; *State* v. *Boyle*, 25 Md. 509; *Coston* v. *Coston*, 25 Md. 506.

The provision of Article 42, sec. 17 of the Code, has not been invoked, nor do we see how it could be made applicable to this case; we therefore deem further comment unnecessary, as no constitutional question has arisen herein. We all concur in the view that no appeal lies in this case, and the motion to dismiss must prevail.

*Appeal dismissed with costs.*