## NU CAR CARRIERS, INC. ET AL. v. WILLIAM RANDALL EVERETT ET AL.

[No. 131, September Term, 1976.]

*Decided October 8, 1976.*

The cause was argued before POWERS, MOORE and LISS, JJ.

*Donald L. Merriman* and *Robert W. Baker, Jr.,* for appellants.

*Jerome J. Seidenman* for appellees.

POWERS, J., delivered the opinion of the Court.

The Annotated Code of Maryland, Courts Article, § 12-301, provides in part that, " * * * a party may appeal from a final judgment entered in a civil * * * case by a circuit court." The term "final judgment" is defined in § 12-101 (f) to mean " * * * a judgment, decree, sentence, order, determination, decision, or other action by a court,

including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken." The apparent dilemma created by defining a phrase in terms of the thing being defined is explained by a Revisor's Note under subsection (f). It says, "This definition does not attempt to specify what is an appealable final order. That is left to case law, as at present."

The case law has been consistent for well over 100 years. In *Hazlehurst v. Morris*, 28 Md. 67 (1868), the Court of Appeals said, at 71:

> "The law has been clearly settled in this State, that 'no appeal can be prosecuted to this court until a decision has been had in the court below, which is so far final, as to settle and conclude the rights of the party involved in the action, or denying to the party the means of further prosecuting or defending the suit. When the proceedings below shall be terminated, an appeal will then lie, and all the errors of the court below, in the progress of the cause, will be proper subjects for complaint of the party, and for the correction of this court.' *Boteler v. State*, 7 G. & J. 112; *Welsh v. Davis*, 7 Gill, 366; *Green v. Hamilton*, 16 Md. 328. The order, passed in the court below, did not settle and conclude the rights involved in the cause; nor was it of such a character as to deny to the party the means of defending the suit, and was not, therefore, so far final as to be a proper subject of appeal. This appeal must, therefore, be dismissed."

In *Brooks v. Ford Motor Credit Co.*, 261 Md. 278, 274 A. 2d 345 (1971), the Court of Appeals said, at 280:

> "We have consistently held that appeals will lie only from final judgments which settle the rights of the parties or conclude the cause, *Tvardek v. Tvardek*, 257 Md. 88, 261 A. 2d 762 (1970); *Hillyard Constr. Co. v. Lynch*, 256 Md. 375, 260 A. 2d 316 (1970)."

William Randall Everett filed a suit in the Superior Court of Baltimore City against Nu Car Carriers, Inc. and its driver, Melvin Lloyd Lamb, Jr., claiming damages for personal injuries sustained in a motor vehicle collision. Everett's wife joined with her husband in a separate count in which they jointly claimed injury to their marital relationship.

Trial of the case was held before a jury and Judge James W. Murphy in the Superior Court of Baltimore City, beginning 13 November 1975 and ending on 18 November 1975 when Judge Murphy declared a mistrial after the jury was unable to agree.

At the close of all of the evidence the defendants, Nu Car Carriers, Inc. and Lamb, had moved for a directed verdict. That motion was denied. They filed a timely motion for judgment n.o.v., Maryland Rule 563, § a.1. and § b.2. That motion was heard, and on 8 January 1976 it was denied. The following day the court entered an order setting the case for trial. Nu Car Carriers, Inc. and Lamb entered an appeal to this Court "with respect to the denial of Defendants' Motion for Judgment N.O.V."

Appellants and appellees briefed and argued the case here on the merits. At argument we raised the question of whether there was an appealable final judgment. The parties were given leave to file memoranda on that question. Appellants have filed a letter memorandum. Appellees have waived a response.

The refusal of the trial court to enter a judgment in favor of the defendants was not the equivalent of a judgment against the defendants. The case remained open on the docket, pending a retrial. The court passed no order which settled the rights of the parties or concluded the cause. There simply was no judgment for or against any party.

Maryland Rule 563 does not create a right of appeal greater than those granted in Code, Courts Art., §§ 12-301 and 12-303. The Rule merely governs the filing and disposition of post trial motions for judgment notwithstanding the verdict returned by a jury, or its failure

to return a verdict. Such a motion may be made only to bring up for reconsideration, a motion for a directed verdict, made at the close of all of the evidence, and at that time either denied or reserved by the trial court. The delineation in § c. 2. of Rule 563 of what the appellate court may do when a judgment is reversed on appeal for refusal of a motion for judgment n.o.v. is, by its own clear words, premised upon the reversal of a *judgment* entered in the trial court.

In *Snyder v. Cearfoss,* 186 Md. 360, 46 A. 2d 607 (1946), the posture of which was somewhat different from the case now before us, the Court of Appeals dismissed an appeal by disappointed plaintiffs after the trial court had set aside jury verdicts in their favor, and granted a new trial. The lower court had also denied defendant's motion for judgment n.o.v., although that ruling does not appear to have been an issue in the appeal. The Court said, at 366:

> "We think the motion to dismiss the appeal must be granted. There has been no final judgment, and until final judgment the appeal is premature."

Directly controlling the present case, however, is *Feinberg v. Geo. Wash. Cemetery,* 233 Md. 440, 197 A. 2d 147 (1964). After a jury verdict for the plaintiff below the defendants' motion for a new trial was granted, but their motion for judgment n.o.v. was denied. They appealed. The Court of Appeals said, at 441:

> "Since there is no final judgment to appeal from, the motion to dismiss the appeal must be granted. *Snyder v. Cearfoss,* 186 Md. 360, 366; Code (1957), Art. 5, sec. 1. In the absence of a final judgment there can be no review of the ruling on the motion N.O.V. *Sears v. B. & O. Railroad,* 219 Md. 118, 122."

We have no jurisdiction to entertain the merits of this appeal. In *Blocher v. Harlow,* 268 Md. 571, 303 A. 2d 395

(1973), the Court of Appeals, holding the appeal to be premature under Maryland Rule 605 a, said, at 578:

> "The order appealed from was not a final order nor does it fall within the category of interlocutory orders from which an appeal may be maintained. Therefore, the appeal must be dismissed. [Citations omitted]. It is elementary that parties may not confer appellate jurisdiction by consent upon this Court or the Court of Special Appeals. Accordingly, we shall remand the case to the Court of Special Appeals for the purpose of entering an order dismissing the appeal."

*Appeal dismissed.*
*Appellants to pay costs.*