JOHN RESETAR, JR. *v.* THE STATE BOARD OF EDUCATION OF MARYLAND ET AL.

[No. 241, September Term, 1976.]

*Decided December 6, 1976.*

The cause was argued before THOMPSON, MOYLAN and LOWE, JJ.

*Earl H. Davis* and *Josiah Lyman*, with whom were *Davis & Nace* on the brief, for appellant.

No appearance or brief for appellees.

THOMPSON, J., delivered the opinion of the Court.

John Resetar, Jr., the appellant, was dismissed from his position as a teacher in Montgomery County which action was upheld by the State Board of Education. He appealed to the Circuit Court for Montgomery County. In the proceedings the appellant filed two petitions alleging he could not obtain a fair trial in Montgomery County and requesting a removal to another court having jurisdiction. As he alleged no facts showing why he could not obtain a fair trial in Montgomery County, he was relying upon an alleged absolute constitutional right of removal under Article IV, section 8 of the Maryland Constitution. The court denied the motion. An appeal from such an order, though interlocutory in nature, does lie, providing the order denies an absolute constitutional right. *Smith v. Fredericktown Bank & Trust Company*, 258 Md. 141, 265 A. 2d 236 (1970). *Contra* if the right of removal is discretionary with the court. *Johnson v. State*, 271 Md. 189, 191, 315 A. 2d 524 (1974).

Unfortunately for the appellant's position, the Court of Appeals in *Davidson v. Miller*, 276 Md. 54, 344 A. 2d 422 (1975), declared Article IV, section 8 of the Maryland Constitution in conflict with the Equal Protection Clause of the United States Constitution insofar as section 8 purports to give an absolute right of removal.[1]

As the appellant has no absolute constitutional right of removal we have no jurisdiction and we must dismiss the

---

1. Appellant also cites the recently enacted Chapter 454 of the Laws of 1976 amending Courts and Judicial Proceedings Article, § 6-204 (Code, 1974 Vol., 1975 Cum. Supp.) as authority for the right to have his case removed. This was declared unconstitutional in Perkins v. Eskridge, 278 Md. 619, 366 A. 2d 21 (1976), per curiam order filed Sept. 24, 1976.

appeal from the interlocutory order *sua sponte. Nu Car Carriers, Inc., et al. v. Everett, et al.*, 33 Md. App. 310, 364 A. 2d 71 (1976); *Firstman v. Atlantic Construction & Supply Co.*, 28 Md. App. 285, 345 A. 2d 118 (1975).

*Appeal dismissed.*
*Appellant to pay the costs.*