IN RE APPEAL NO. 507, September Term, 1976

FROM THE CIRCUIT COURT FOR PRINCE
GEORGE'S COUNTY, SITTING AS A
JUVENILE COURT

[No. 507, September Term, 1976.]

*Decided January 5, 1977.*

The cause was argued before THOMPSON, LOWE and MELVIN, JJ.

*Harry B. Allen,* with whom were *Allen & Marzetti* on the brief, for appellant.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Albert Gallatin Warfield, III, Assistant Attorney General,* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

We dismiss *sua sponte* an attempt to appeal the Circuit Court for Prince George's County's refusal to waive its jurisdiction to try a 16 year old defendant for armed robbery and related offenses. We hold that the waiver denial was not a "final judgment",[1] which is prerequisite to the exercise of the statutory right of appeal.[2] Md. Code, Cts. Art., § 12-301; *Eastgate Associates v. Apper,* 276 Md. 698, 701.

Appellant was indicted jointly with 3 codefendants for:

1. robbery with a deadly weapon,
2. attempted robbery with a deadly weapon,
3. robbery,
4. attempted robbery,
5. assault with intent to rob,
6. assault and battery,
7. larceny,
8. receiving stolen goods,
9. carrying a handgun; and,
10. use of a handgun in the perpetration of a designated felony.

Although appellant was 16 years of age at the time of the alleged offenses, the juvenile court did not have exclusive original jurisdiction over him because of the nature of the crime. Md. Code, Cts. Art., § 3-804 (d) (4) specifies that the juvenile court has no jurisdiction over a child 16 years old or older who is alleged to have committed the crime of robbery

---

1. Md. Code, Cts. Art., § 12-101 (f) provides:

" *'Final judgment'* means a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken."

2. There are exceptions for circumstances where appeals are permitted from interlocutory judgments, but they are not here relevant.

with a deadly weapon. The problem before us stems from a petition by appellant seeking the advantage of an exception to that statute which permits the removal of the proceedings to the juvenile court, pursuant to Md. Code, Art. 27, § 594A. This latter section authorizes "the court exercising jurisdiction" by virtue of the § 3-808 [3] exclusion to transfer the case to the juvenile court "if waiver is believed to be in the interests of the child or society." Appellant petitioned the Circuit Court for Prince George's County to waive its jurisdiction and so transfer appellant's case. An immediate appeal was filed, before trial, when Judge Robert B. Mathias denied the petition. [4]

Appellant's appeal first questions the circuit court's "jurisdiction" by charging that the trial judge abused his discretion when he denied the petition to transfer appellant to juvenile jurisdiction. If the issue is whether the appellant's unsuccessful challenge under the statutory procedure to the circuit court's "jurisdiction" is immediately reviewable on appeal, *Eisel v. Howell*, 220 Md. 584, 586, is

---

3. Title 3, Subtitle 8, of Md. Code, Cts. Art. was repealed and reenacted as amended by Ch. 554, Laws of 1975, effective July 1, 1975. The provisions of Cts. Art., § 3-808 are now found in § 3-804.

4. Contending that the order denying the petition is interlocutory and therefore not appealable, the State moved to dismiss the appeal. Although the motion was included in the State's brief, providing it with 30 days rather than 10 to file its motion, Md. Rule 1036 c. and d., the brief containing the motion was, according to appellant, one day beyond the 30 days allowed for filing appellee's brief. Md. Rule 1030 a. 2. This evoked from appellant a "Motion Ne Recipiatur and/or to Strike Appellee's Brief and Motion to Dismiss the Appeal". However, appellant overlooked the fact that what appeared to be the 31st day was an official State holiday, "Defender's Day". Therefore, pursuant to Md. Rules 8 and 1030 a. 2., the brief and motion were timely filed. In any case, the action of this Court under Md. Rule 1030 a. 2. is discretionary, permitting us to receive the brief. *Cf.* Operations Research v. Davidson, 241 Md. 550, 575-576. Here it is of little consequence to appellant whether we dismiss the appeal *sua sponte* under Md. Rule 1035 a. 1., or act upon the State's Motion to Dismiss. The result will be the same. If the circuit court order denying waiver is interlocutory, we have no jurisdiction to hear an appeal and consequently may not entertain an issue raised on appeal, whatever our personal inclination might be. *See* Nu Car Carriers, Inc. v. Everett, 33 Md. App. 310. We are told in Eastgate Associates, *supra*, that we should go no further than to dismiss the appeal. 276 Md. at 704. Our decision to proceed *sua sponte* avoids our further being bogged in meaningless interpretive semantics. By declining to recognize the motions or arguments of either party, we adhere to the fiction that because we are without jurisdiction, neither party can be before us.

dispositive. The Court of Appeals there held that the failure of jurisdictional attacks are not immediately appealable because:

> "The denial of a challenge to the jurisdiction does not settle or conclude the rights of any party or deny him the means of proceeding further. It settles nothing finally. An order which does none of these things is not appealable." *Id.* at 586.

See also *Raimondi v. State*, 8 Md. App. 468.

Although a decision as to jurisdiction is immediately appealable where a court waives its jurisdiction, because nothing further could happen in that court, see Md. Code, Cts. Art., § 3-817 (f) [5]; *Matter of Trader*, 20 Md. App. 1, 7, *rev'd on other grounds*, 272 Md. 364, 402; an order refusing to waive jurisdiction maintains the status quo, permitting the case to proceed. In the latter case, the accused's rights are not concluded and he is not denied the means of further defending his case. See *Hazlehurst v. Morris*, 28 Md. 67, 71-72; see also *Waters v. Smith*, 277 Md. 189, 195.

Because of the bastard nature of a juvenile proceeding, wherein the circuit court has "jurisdiction" but sits as a juvenile court (except in Montgomery County) the issue before us might be characterized as an attack upon the judge's discretion in selecting one of two available forums rather than as a jurisdictional issue.[6] That view would avail appellant nothing. *Lee v. State,* 161 Md. 430, points the direction we are compelled to follow even then. *Lee* held that the selection of the forum to which a capital case had been

---

**5.** Until Ch. 554, Laws of 1975, became effective on July 1, 1975, § 3-817 provided that an order waiving juvenile jurisdiction is interlocutory.

**6.** The statutory use of the term "jurisdiction" is somewhat confusing. The juvenile "court" is simply a circuit court "sitting as" the juvenile court. Md. Code, Cts. Art., § 3-801 (i). The language of § 3-803 as it existed prior to its deletion in 1976 as unnecessary (see Revisor's note) stated that "the circuit court for each county, has original jurisdiction in juvenile causes. . . . When the circuit court exercises this jurisdiction, it is known as 'the Circuit Court for . . . . County, sitting as a Juvenile Court.' " Therefore, if the issue before us were "jurisdictional" in the traditional sense, appellant would have no "jurisdictional" complaint in whichever capacity the Circuit Court of Prince George's County sat.

removed was within the lower court's discretion, and was not a final order immediately reviewable on appeal. The *Lee* Court recognized that the refusal of certain constitutional rights would have amounted to an appealable final judgment on that constitutional issue: [7]

> "But only decisions on claims of such absolute constitutional rights have been held reviewable at once, and there has been a decision on the precise point that orders within the discretion of the lower courts are, on the contrary, not final orders within the meaning of the rules governing the jurisdiction of this court, and are therefore not immediately reviewable, if reviewable at all. *Tidewater Portland Cement Co. v. State*, 122 Md. 96, 89 A. 327. And see *City of Annapolis v. Howard*, 80 Md. 244, 30 A. 910." *Id.* at 433.

The Court pointed out the impractical, if not prohibitive, consequences of piecemeal appeals:

> "If, on a question left to the court's discretion, upon a suggestion for removal, a prisoner is permitted to take an immediate appeal, then proceedings in every criminal case, great or small, may be stopped and delayed while the accused prosecutes an appeal on this preliminary matter of venue. And this would add just so much to the resources of those who might find vexatious delays advantageous, and would multiply appeals in criminal cases, often when acquittals, in the end, would render them profitless." *Id.* at 434.

However viewed, there is no finality of proceedings in the instant case. The order denying waiver does not comply with the statutory prerequisite for appeal in Md. Code, Cts. Art., § 12-301:

> "Except as provided in § 12-302, a party may appeal from a *final judgment* entered in a civil or

---

7. For an example of an immediate appeal permitted on a constitutional issue, see Neal v. State, 272 Md. 323 (double jeopardy).

criminal case by a circuit court. The right of appeal exists from a *final judgment* entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended." (emphasis added).

Nor is there any pertinent exception in Md. Code, Cts. Art., § 12-303, permitting certain interlocutory orders to be appealed immediately; and, with exceptions such as those noted in *State Department of Assessments and Taxation v. Clark*, 34 Md. App. 136 (1976), there is no right to appeal other than that granted by statute.

We have no jurisdiction to entertain the merits of this appeal.[8] The order appealed from was not a final order and does not fall within the category of interlocutory orders from which an appeal may be maintained. See *Blocher v. Harlow*, 268 Md. 571, 578.

> *Appellant's motions ne recipiatur*
> *and to strike, denied.*
>
> *Appeal dismissed.*
>
> *Costs to be paid by appellant.*

---

**8.** Although we have declined to consider the merits of this appeal, see Diener Enterprises v. Miller, 266 Md. 551, 552-553, we point out for the guidance of counsel in the future that in presenting an appeal he is confined to the record and may not include matter in the appendix of his brief which was not before the court below.