IN RE APPEAL NO. 857, September Term, 1976 from the Circuit Court for Howard County

[No. 857, September Term, 1976.]

*Decided April 13, 1977.*

The cause was argued before THOMPSON, LOWE and MELVIN, JJ.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Wehland, State's Attorney for Howard County,* and *Gary*

*Stewart Peklo, Assistant State's Attorney for Howard County,* on the brief, for appellant.

*Dennis M. Henderson, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

Appellee, barely 16 years of age, was charged with robbery with a deadly weapon and related offenses. In light of his age, the juvenile court would have had original jurisdiction over him but for Md. Code, Cts. Art., § 3-804 (d) (4), which provides that the juvenile court does not have jurisdiction when the charge is robbery with a deadly weapon. However, the circuit court, exercising its general criminal jurisdiction, is permitted to waive the youth to juvenile jurisdiction if a waiver is believed to be in the best interest of the child or society. Md. Code, Art. 27, § 594A. Judge Morris Turk, sitting as the Circuit Court for Howard County, so concluded, and waived the circuit court's criminal jurisdiction over appellee, thus giving the juvenile court jurisdiction.

The State seeks to appeal that waiver. It argues that the action constituted a "final judgment" against it, relying upon our recent opinion in an appeal by a juvenile in another awkwardly named case, *In Re Appeal No. 507, Term 1976,* 34 Md. App. 440.

We find it unnecessary to reach the question of finality because the State has overlooked the fact that it has no right to appeal, regardless of the finality of the action or the State's aggrieved posture.

Appellate jurisdiction in Maryland is dependent upon a statutory grant of power. *Lohss and Sprenkle v. State,* 272 Md. 113, 116. That grant of power is set forth in Md. Code, Cts. Art., § 12-301:

> "Except as provided in § 12-302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal

exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."

One of the exceptions in § 12-302 (c) severely limited the State's right to appeal:

"In a criminal case, the state may appeal only from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition in a criminal case."

Under that statute, which was in effect at the time of the commission of the crimes with which appellee is charged, it is abundantly clear that the *only* right of the State to appeal is within those narrow confines.

In *State v. Wooten*, 277 Md. 114, 115-116, we are told that the law regulating the State's right to appeal is that which was in effect at the time of the commission of the offense charged:

"Preliminarily we must consider a jurisdictional matter, Wooten's contention that the petitioner, the State, has no right to initiate this appeal. While recognizing that this Court, in *State ex rel. Sonner v. Shearin*, 272 Md. 502, 526, 325 A. 2d 573 (1974), decided that under Maryland Code (1957, 1968 Repl. Vol.), Art. 5, § 14 the State was permitted to appeal from a trial court's denial of a motion to correct an illegal sentence, the respondent asserts that such appeals were prohibited when that provision was reworded at the time it was reenacted as Code (1974), Courts and Judicial Proceedings Article, §§ 12-301 and 12-302. However, *because the crime in this case*, as in *Sonner, was committed prior to* January 1, 1974,

*the effective date of the Courts and Judicial Proceedings Article, Laws of Maryland 1973, First Extraordinary Session, ch. 2, §§ 18 and 21, the applicable law in this case is Art. 5, § 14. State ex rel. Sonner v. Shearin, supra, 272 Md. at 525-26. Consequently, we are not required to interpret §§ 12-301 and 12-302, but only hold that under Art. 5, § 14 this appeal is proper. Id. at 526 & n. 6."* (footnotes omitted and emphasis added).

In light of *Wooten*, we could rest here, and simply hold that because the State cannot come within the provisions of § 12-302 (c), it has no right of appeal. But in *Matter of Anderson*, 272 Md. 85, where the Court of Appeals also, with terse clarity, spoke upon the subject of which law must apply when the State attempts to appeal, a different rule was set forth:

"The right of appeal must be determined under the law in effect at the time of the appeals." *Id.* at 88.

This conflict is of note because, by Laws 1976, Ch. 49, § 1, effective July 1, 1976, the Legislature modified the State's right to appeal. Except for form and style, the 1976 change had only two meaningful aspects — the removal of a word (which we will bracket) and the addition of a sentence (which we will print in capital letters):

"§ 12-302.

(c) In a criminal case, the State may appeal [only]:

(1) from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition [in a criminal case]; AND

(2) FROM A FINAL JUDGMENT IF THE STATE ALLEGES THAT THE TRIAL JUDGE FAILED TO IMPOSE THE SENTENCE SPECIFICALLY MANDATED BY THE CODE."

The appeal in the case before us was entered on August 12, 1976, a little over one month after the effective date of the statutory change. Since in both *Wooten* and *Anderson* the holdings were necessary to the assumption of appellate jurisdiction by the Court of Appeals, neither can be dismissed as "dicta", and one case controlled by the other's holding. Nor can we distinguish them because *Wooten* was criminal while *Anderson* was juvenile, since here the appeal was from the waiver of a juvenile from the criminal court to a juvenile court. Our dilemma is avoided, however, by looking to the result we would reach in either instance. Under neither version do we find that the State was given the right to appeal a waiver by a circuit court of its criminal jurisdiction.

While we are unable easily to explain why the Legislature deleted the restrictive adverb "only",[1] we find no legislative intent to give the State an absolute right of appeal in doing so. Common sense indicates that if such were the intent, the Legislature would have easily accomplished its purpose by simply repealing § 12-302 (c) instead of adding one more limited ground of appeal permitted the State. If a statute is to be read so that no word, phrase, clause or sentence is rendered surplusage or meaningless, *Prince George's Co. v. White*, 275 Md. 314, 319, surely we cannot read into the deletion of one word that which would render the reenacted statute meaningless.

---

1. We can only assume that "only" was deleted because it had been used in the initial sense of "Alone in kind or class" as defined by *The American Heritage Dictionary of the English Language*. We note that each of the grounds of appeal by the State spoken of by the former statute was a pretrial "kind or class" of dismissal, but when the *post* trial appeal was added (for failure to impose a mandatory sentence) the State's limited rights to appeal were no longer confined to the original pretrial kind or class. The intended change may have been an effort by a diligent draftsman to protect the grammatical integrity of the Legislature, but the deletion carried no interpretable intent beyond that purpose. Such speculation would indeed be slender support for a statutory interpretation holding that the deletion of that one word was intended to serve as a repeal of the strict limitations upon the State's right to appeal, by leaving no purpose to the reenacted provisions of § 12-302 (c). We are chastened to avoid interpretative absurdities. *Fairchild v. Maritime Air Serv.*, 274 Md. 181, 186.

In the Rules of Interpretation set forth in Md. Code, Art. 1, § 17, we are told that:

"If two or more amendments to the same section or subsection of the Code are enacted at the same or different sessions of the General Assembly, and one of them makes no reference to and takes no account of the other or others, the amendments shall be construed together, and each shall be given effect, if possible and with due regard to the wording of their titles. If the amendments are irreconcilable and it is not possible to construe them together, the latest in date of final enactment shall prevail."

It follows that where two or more changes are effected by the same amendment, these changes should be construed together and "each . . . given effect . . . with due regard to the wording of their titles." The title of the amending law, Laws 1976, Ch. 49, § 1, expresses the purpose to be effected:

"For the purpose of *extending the right* of the State to appeal *in certain* criminal *cases*; . . . ." (emphasis added).

The extended right given was expressly to provide an appeal to the State from those "certain cases" in which there was a failure to impose mandatory sentences. (See, *e.g.*, *Sonner, supra*). Nothing in the title indicates an intent to provide an unlimited right of appeal to the State.

The State is still confined to the expressly stated grounds of appeal set forth in § 12-302 (c). We find no statutory ground which would even arguably provide a right to appeal a waiver of criminal jurisdiction to juvenile jurisdiction.

*Appeal dismissed.*
*Costs to be paid by Howard County.*