LAWRENCE KENNEDY *v.* STATE OF MARYLAND

[No. 481, September Term, 1973.]

*Decided May 20, 1974.*

The cause was argued before MENCHINE, MOORE and LOWE, JJ.

*John M. Brennan* for appellant.

*George A. Eichhorn, III, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County*, and *John B. Wynes, Assistant State's Attorney for Prince George's County*, on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

In a bench trial before the Circuit Court for Prince George's County (Parker, J.) appellant, Lawrence Kennedy, then 17 years of age, was convicted of robbery with a deadly weapon and use of a handgun in the commission of a crime of violence, and was sentenced to consecutive terms of ten and five years. His appeal raises no challenge to the merits of his conviction but is confined to the contentions that:

1) Code, Art. 26, § 70-2 (d) (3), containing the jurisdictional authorization for appellant's trial in the Circuit Court, is impermissibly and unconstitutionally vague; and

2) the trial judge erred in refusing to consider the issue of waiver of jurisdiction to the juvenile court pursuant to Code, Art. 27, § 594A in the belief that appellant had waived this right by not filing a written petition prior to the issue being raised by defense counsel as a preliminary matter in open court on the day of trial.

# I

Code, Art. 26, § 70-2 (d) (3), in effect at the time of appellant's indictment, provided as follows:

"(d) *Exemptions.* — The [juvenile] court does not have jurisdiction over:

\* \* \*

(3) A proceeding involving a child who has reached his sixteenth birthday, alleged to have done an act in violation of § 488 of Article 27 concerning the crime of robbery with a deadly weapon, unless an order removing the proceeding to the juvenile court has been filed pursuant to § 594A of Article 27." [1]

§ 488 of Article 27 provides:

"Every person convicted of the crime of robbery or attempt to rob with a dangerous or deadly weapon or accessory thereto, shall restore to the owner thereof the thing robbed or taken, or shall pay him the full value thereof, and be sentenced to imprisonment in the Maryland Penitentiary for not more than twenty years."

---

1. Effective July 1, 1973, Art. 26, § 70-2 (d) (3) was revised to read:

"(d) *Exemptions.* — The court does not have jurisdiction over:
\* \* \*

(3) A proceeding involving a child who has reached his sixteenth birthday, alleged to have done an act which, if committed by an adult, would be punishable by § 488 of Article 27 as robbery with a deadly weapon unless an order removing the proceeding to the juvenile court has been filed pursuant to § 594H of Article 27."

Courts Art. § 3-808, effective January 1, 1974, further clarifies the language concerning jurisdiction over the crime of robbery with a deadly weapon:

"The court does not have jurisdiction over:
\* \* \*

(4) A child 16 years old or older alleged to have committed the crime of robbery with a deadly weapon, unless an order removing the proceeding to the juvenile court has been filed pursuant to § 594A of Art. 27."

Appellant's precise contention before the trial court and on this appeal is that since Art. 27, § 488 does not create a crime itself but only provides a penalty for an existing common law crime, "there can be no violation of § 488" (except a failure to restore the thing robbed or taken or to pay the victim the value thereof), and thus when Art. 26, § 70-2 (d) (3) rests jurisdiction in the juvenile court unless, *inter alia,* the child is alleged to have done an act in violation of Art. 27, § 488, then Art. 26, § 70-2 (d)(3) "is impermissibly vague and meaningless and does not accomplish its intended purpose of creating jurisdiction in the Circuit Court."

Despite its ingenuity, this argument is without merit. However infelicitously it was originally drawn, Art. 26, § 70-2 (d) (3) cannot reasonably be interpreted to refer to "no violation" nor indeed to any violation but one: the crime of robbery with a deadly weapon. Art. 27, § 488 admittedly does not create a crime but "merely provides a statutory penalty (and for the restoration of or payment for the thing taken) for the existing crime of robbery more severe when the robbery is committed with a dangerous or deadly weapon than when it is not." *Darby v. State,* 3 Md. App. 407, 413 (1968). It is to be noted, on the other hand, that Art. 26, § 70-2 (d) (3) does not refer to "an act in violation of § 488 of Article 27 concerning *punishment for* the crime of robbery with a deadly weapon" but to "an act in violation of § 488 . . . concerning *the crime of robbery with a deadly weapon."* (Emphasis added.) The unmistakable intent of § 70-2 (d) (3) is to exempt from the jurisdiction of the juvenile court (absent a waiver) cases alleging robbery of the aggravated sort for which § 488, at the same time, and from the same legislative motivation, prescribes an increased penalty. Art. 26, § 70-2 (d) (3) thus does not refer to a violation that Art. 27, § 488 has failed to create; rather, both are equally enactments "concerning the crime of robbery with a deadly weapon."

The cardinal rule of statutory interpretation, that the intent of the legislature is to be sought in the first instance from the words used in the statute, and where there is no ambiguity or obscurity in the statute, the words used are

conclusively presumed to embody the meaning of the legislature in enacting the statute,[2] disposes of appellant's first contention. Only a contrived reading of Art. 26, § 70-2 (d) (3) would have it refer, as appellant argues, to an "impossible" violation of Art. 27, § 488 instead of to the crime of robbery with a deadly weapon that the legislature clearly had in mind in enacting § 488. The courts will not, indeed, as appellant points out, "punish for a violation which does not come within the plain language of the ordinance or statute alleged to have been transgressed," *Groh v. County Commissioners,* 245 Md. 441 (1967), but the language of Art. 26, § 70-2 (d) (3), for constitutional purposes, fairly and clearly identifies a criminal charge which, subject to Art. 27, § 594A, wrests the juvenile court of its jurisdiction.

## II

Appellant's second contention is that the trial court erred in refusing to consider the issue of waiver of jurisdiction to the juvenile court absent a written pretrial motion. Art. 27, § 594A provides:

> "In any case involving a child who has reached his fourteenth (14th) birthday but has not reached his eighteenth (18th) birthday at the time of any alleged offense excluded under the provisions of § 70-2 (d) (1) or (3) of Article 26, *the court exercising jurisdiction may transfer the case to the juvenile court if a waiver is believed to be in the interests of the child and/or society."* (Emphasis added.)

Unlike Art. 26, § 70-16, providing for waiver of jurisdiction to the criminal court after a petition has been filed alleging delinquency,[3] Art. 27, § 594A does not specifically provide for a waiver hearing nor enumerate "factors to be considered" by the court in determining if waiver is indicated. Nor is there any Rule specifically applicable to

---

**2.** Board of Commissioners v. Fleming, 13 Md. App. 261 (1971); Pineland Lumber Co. v. Miles, 228 Md. 584 (1962); Height v. State, 225 Md. 251 (1961).

**3.** Courts Art. § 3-816.

waiver of jurisdiction by the Circuit Court comparable to Rule 911 pertaining to waiver of jurisdiction by the Juvenile Court.

In the instant case appellant filed a pretrial motion to dismiss the indictment for lack of jurisdiction of the Circuit Court based on the alleged infirmity in Art. 26, § 70-2 (d) (3) discussed in I, *supra.* His motion did not request, in the alternative, waiver of the case to the juvenile court pursuant to Art. 27, § 594A; nor was it set for hearing prior to the trial date on May 22, 1973, although it had been filed on January 3, 1973. After the case was called on the day of trial, appellant moved to exclude the witnesses and waived a jury trial. Defense counsel then invited the court's attention to the pending motion to dismiss. The court heard argument and denied the motion. At that juncture, co-counsel for appellant asked to "address the Court on another matter which is adjunct to this, but is specifically not on the same point," and requested an order waiving appellant to the jurisdiction of the juvenile court under § 594A. The State responded:

> "There has long been a procedure established ... defendants have come in where they deem it appropriate and move the Court—file petitions, motion for appropriate relief to waive the matter back to the Juvenile Court. I think the same procedure was available in this case."

The court agreed:

> "It's been my experience, Mr. Brennan, that you can come in a case of this nature with a written petition prior to trial and have it set up for a special hearing. *But if you don't do it, then you waive it.*
>
> MR. BRENNAN: Our point, of course, as I indicated before, this statute does not —
>
> THE COURT: I understand your argument on it. I think a higher court would have to decide it.
>
> MR. BRENNAN: Thank you.
>
> THE COURT: *I think I am bound by the language of the statute.*

MR. BRENNAN: Thank you.
We are ready for trial." (Emphasis added.)

The court's reference to the language of the statute was, we find, erroneous. The statute, previously quoted (p. 1) in its entirety, contains no waiver provisions nor is there any other statutory provision nor rule of procedure with respect to waiver,[4] upon which the court could have placed reliance.

We agree with the position of appellant.that the clear intendment of Section 594A is that there be a judicial hearing on the question of waiver *to* the juvenile court and a weighing of factors similar to those prescribed in Article 26, § 70-16[5] for consideration of waiver of jurisdiction *from* the juvenile court, including the nature of the offense, the child's. age and. mental and physical condition and the safety of the public. However, we reject out of hand appellant's contention below — predicated on Maryland Rule 911 — that such a waiver hearing should be initiated by the State's Attorney. The State is eminently correct that the onus is upon the accused. It is the latter's obligation, in the absence of any rule providing another procedure, to file a motion before trial pursuant to Rule 725 c and the matter should be determined before trial, as provided in Rule 725 d.

We are not compelled to the conclusion, on the other hand, that appellant by the tardiness of his application or his failure to present it in writing "waived" the right given him by Art. 27, § 594A to request a determination of waiver *vel non* of jurisdiction to the juvenile court, nor do we think in the circumstances of this case that justice would best be served by so holding. Counsel for appellant may in good faith have feared that to invoke by pretrial motion the qualifying clause of Art. 26, § 70-2 (d) (3) ("unless an order removing the proceeding to the juvenile court has been filed pursuant to § 594A of Article 27") would prejudice his attack upon the constitutionality of § 70-2 (d) (3). Art. 27, § 594A

---

4. Even the waiver provision of Maryland Rule 725 b which relates to "defenses and objections based on defects in the institution of the prosecution or in the indictment" (not here applicable) contain the saving clause: "but the court for cause shown may grant relief from the waiver."

5. Courts Art. § 3-816 (c).

was enacted as part of Chapter 432 (Acts, 1969) substantially revising the subtitle Juvenile Causes. Courts Art. § 3-802 (6)(b) states that the subtitle shall be liberally construed to effectuate its purposes.

We conclude that the lower court erred in ruling that appellant had waived his right to a hearing pursuant to § 594A and that the proceeding should be remanded to the lower court, without affirmance or reversal, in order that a waiver hearing may be held by the trial court to determine, *nunc pro tunc*, whether a waiver to the juvenile court was "in the interests of the child and/or society." Prior to such hearing, the court may request that a study be made concerning appellant, his family, environment and other matters relevant to the disposition of the case. (*Cf.* Art. 26, § 70-16 (e), Courts Art. § 3-816 (d)). If upon remand it is determined by the trial court that waiver down to the juvenile court was not in the interest of appellant and/or society, the judgment of conviction shall stand, since there has been no appeal on the merits. On the other hand, if it is determined that the facts called for a waiver to the juvenile court, then the proceedings below shall have been *ab initio* a nullity and the trial court shall order the case to be transferred to the juvenile court. Compare *Franklin v. State,* 264 Md. 62.

> *Case remanded without affirmance or reversal for further proceedings, not inconsistent with this opinion.*