# DARRELL JAY KING *v.* STATE OF MARYLAND

[No. 930, September Term, 1976.]

*Decided May 16, 1977.*

The cause was argued before POWERS, MASON and LISS, JJ.

*James E. Kenkel* and *William C. Brennan, Jr.*, with whom were *DePaul, Willoner & Kenkel, P.A.* on the brief, for appellant.

*Bernard A. Raum, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County*, and *Daniel J. Cassidy, Assistant State's Attorney for Prince George's County*, on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

The appellant, Darrell Jay King, a minor 14 years of age, was indicted in the Circuit Court for Prince George's County and charged with rape, attempted rape, assault with intent to rape and assault and battery. The appellant, through counsel, filed a motion requesting a "reverse waiver" from the Circuit Court for Prince George's County to the Juvenile Court of that county. The petition was filed pursuant to the provisions of Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 594A. The trial judge ordered that a juvenile waiver investigation report be prepared by the Parole and Probation Division and also ordered that the appellant undergo a 20 day evaluation by the Maryland Children's Center, a division of the State's Juvenile Services Department. The reports were completed and filed with the trial court and a hearing was held. The presiding judge denied the motion for reverse waiver.

The appellant thereupon entered a plea of not guilty, prayed a jury trial and filed a pre-trial motion to suppress an extrajudicial statement taken from him at the time of his arrest. The appellant requested a hearing on the motion to suppress prior to the commencement of the trial. For reasons which the record does not disclose, the pre-trial hearing on the motion was not held, and the hearing as to whether the extrajudicial statement was voluntary was held in the presence of the jury. The trial court, after hearing the testimony of several witnesses, concluded that the

statement was voluntarily made by the appellant and admitted it into evidence.

At the conclusion of the State's case the appellant moved for a judgment of acquittal which was denied. The motion for acquittal was renewed at the conclusion of all the testimony and again denied. At the end of the case the State entered a nolle prosequi to Count II of the indictment charging attempted rape and to Count III charging assault with intent to rape, and amended Count IV to charge battery only. The case was then submitted to the jury on Count I charging rape and Count IV charging battery. The jury returned a verdict of not guilty of rape and guilty of battery. This appeal was taken from the judgment entered on the verdict and the sentence imposed thereon.

The appellant raises five issues to be considered by this Court. We have carefully considered all of them and find no reversible error and shall affirm. We shall explain the Court's reasons for this conclusion as to each of the issues raised.

I

The appellant urges that the trial court abused its discretion by ruling that a preponderance of the legally sufficient evidence demonstrated that the appellant was an unfit subject for rehabilitation measures.

The legal principles which govern the decision required to be made by the trial court in a "reverse waiver" case are the same as those which determine the trial court's action on a request for waiver from the juvenile court to the circuit court level. In a "reverse waiver", the exclusive jurisdiction is vested in the circuit court (as in this case) and the juvenile seeks to have the circuit court relinquish its jurisdiction and transfer the case to the juvenile court for hearing and disposition.

The applicable statute is found in Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 594A. It provides that in any case involving a child who has reached 14 years of age but has not reached 18 years of age at the time of any alleged offense

excluded under the provisions of Maryland Code, Courts and Judicial Proceedings Article (1974, 1976 Cum. Supp.), § 3-804 (d) (1) [1] or (d) (4), the court exercising jurisdiction may transfer the case to the juvenile court if a waiver is believed to be in the interests of the child or society.

In reaching its conclusion whether waiver should be granted the trial court must consider the following factors: age of the child; mental and physical condition of the child; child's amenability to treatment in any institution, facility or program available to delinquents; nature of the offense and the child's alleged participation in it; and the public safety. *Matter of Trader,* 20 Md. App. 1, 315 A. 2d 528 (1974); *Matter of Waters,* 13 Md. App. 95, 281 A. 2d 560 (1971). We said in *In Re Arnold,* 12 Md. App. 384, 396-97, 278 A. 2d 658, 664 (1971), that "disposition in a juvenile case is committed to the sound discretion of the juvenile judge, to be disturbed on appeal only upon a finding that such discretion has been abused." *In Re Hamill,* 10 Md. App. 586, 271 A. 2d 762 (1970). In *Matter of Johnson,* 17 Md. App. 705, 304 A. 2d 859 (1972), at page 713 we stated, "What we said in *Arnold* concerning discretion in juvenile dispositions is equally applicable to waiver hearings." The same standards are applicable in reverse waiver cases.

The appellant strenuously argues that the various reports filed by the agencies of the Department of Juvenile Services establish the amenability of the appellant to treatment, and that he should have been given the opportunity for rehabilitation. The State just as vigorously contends that there was ample evidence from which the trial court could have reached the conclusion that a waiver to the juvenile court was unwarranted. There was evidence that this was the second charge of sexual assault allegedly committed by the juvenile in a matter of months; that the

---

1. Section 3-804 (d) (1) of the Courts Article of the Code provides that the Juvenile Court does not have jurisdiction over a child 14 years or older alleged to have done an act which if committed by an adult would be a crime punishable by death or life imprisonment ... unless an order removing the proceeding to the juvenile court has been filed pursuant to § 594A or Article 27. Rape is one of the excluded crimes.

youth had been placed on probation for the similar offense and had not been cooperative; that he did not recognize any degree of criminal culpability in either incident; and that he had unilaterally discontinued attendance in a rehabilitation program. It is clear from the record that the trial court carefully considered each of the five criteria required to be considered by the statute and was fully familiar with the various reports. The court reached a conclusion that a waiver was not mandated either in the interest of the child or of society. We find no abuse of the trial court's exercise of discretion.

II

The appellant next contends that the trial court erred in ruling that the appellant understood his constitutional rights under *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), and knowingly waived these rights, and in further concluding that the extrajudicial statement made by the appellant to the police was voluntarily made by him.

The appellant mounts a three pronged attack. He first suggests that because of his age, his limited intelligence and his minimal ability to read and write he could not have knowingly waived his rights or voluntarily given the statement. He points out that he was evaluated as being of dull normal intelligence, was 14 years old and a seventh grade student who was characterized as slow learner and a poor reader.

It is conceded by the State that it has the initial burden of establishing by a preponderance of the evidence that the accused's waiver of his Miranda rights was a knowing and intelligent waiver and that the extrajudicial statement was freely and voluntarily given. It is only after the State has met this burden to the satisfaction of the trial court that the statement may be considered by the jury as part of the "beyond a reasonable doubt" fact finding obligation. *Hebb v. State,* 31 Md. App. 493, 356 A. 2d 583 (1976); *Mulligan v. State,* 18 Md. App. 588, 308 A. 2d 418 (1973). The age of the accused and his mental capacity are elements which may be

considered in determining these issues. So, in *Greenwell v. State*, 32 Md. App. 579, 363 A. 2d 555 (1976), a confession by an illiterate defendant, who was found to be in the dull normal range of intelligence, was held to be voluntarily given where the Court found that the defendant had been advised of his Miranda rights by police officers, had waived these rights and had voluntarily made an extrajudicial statement. In that case there was no suggestion that the police had done or said anything for the purpose of overbearing the accused's will. Nor does youth coupled with a low I.Q. preclude a finding that an extrajudicial statement is admissible. In *Bean v. State*, 234 Md. 432, 199 A. 2d 773 (1964), it was held that a 15 year old with an I.Q. of 74 had voluntarily waived his Miranda rights and made a confession. The trial court is required to look at the totality of the circumstances and determine whether or not the extrajudicial statement is admissible. *Clewis v. Texas*, 386 U. S. 707, 87 S. Ct. 1338, 18 L.Ed.2d 423 (1967); *Davis v. North Carolina*, 384 U. S. 737, 86 S. Ct. 1761, 16 L.Ed.2d 895 (1966); *Haynes v. Washington*, 373 U. S. 503, 83 S. Ct. 1336, 10 L.Ed.2d 513 (1963); *Taylor v. State*, 238 Md. 424, 209 A. 2d 595 (1967); *Keller v. State*, 2 Md. App. 623, 236 A. 2d 313 (1967).

In this case the testimony was that the detective had arranged a mutually convenient time for the defendant and his father to come to the police station; that he advised them of the purpose of the investigation; that the father remained in the anteroom adjoining the interrogation room when the accused and the detective discussed the matter; that the Miranda waiver form was read to the accused and he signed a waiver of these rights; that no promises or threats were made to the appellant; that appellant knowingly and willingly made a statement (which he apparently believed was exculpatory); and that after the accused read the statement he signed it. The appellant offered no evidence to contradict any of this testimony. It is clear that the State more than met its burden of proof in establishing by a preponderance of the evidence that the statement was admissible.

The second prong of the appellant's attack on the extrajudicial statement is his complaint that the hearing on the motion to suppress was not held out of the presence of the jury. We agree that the better practice is to hold the initial inquiry on a motion to suppress out of the presence of the jury. We note, however, that no objection was made by the appellant to the procedure utilized in this case. Nor is any prejudice to the appellant alleged or demonstrated by the manner in which the hearing was conducted before the jury. If, in fact, the statement had been found to be inadmissible under this procedure it would have required the granting of a mistrial.[1] Since the statement was ruled admissible, the same evidence would have been required to be submitted to the jury to assist it in its determination of whether the accused's Miranda rights were knowingly waived and the extrajudicial statement voluntarily given beyond a reasonable doubt. We find no reversible error. *Day v. State*, 196 Md. 384, 76 A. 2d 729 (1950); *Hebb v. State, supra; Mulligan v. State*, 10 Md. App. 429, 271 A. 2d 385 (1970).

Finally, on this issue, the appellant contends that the failure of the interrogating officer to admit the father of the accused into the room where the interrogation was proceeding was reversible error. The officer in response to a question from defense counsel admitted that the father was seated in the hallway while the youngster was being interrogated, but he had no recollection of a request by the father that he be permitted to be present while the boy was questioned. The officer was fair enough to concede that he would not have admitted the father because "it has been my experience that juveniles are quite inhibited around their parents and it might have caused him to be a bit more uninhibited." The appellant relies principally on *Haley v. Ohio*, 332 U. S. 596, 68 S. Ct. 302, 92 L. Ed. 224 (1948), to support his position. This Court's reading of that case convinces us that it is factually inapposite to the matter we are now considering. The same conclusion is reached with

---

1. See Dempsey v. State, 277 Md. 134, 355 A. 2d 455 (1976).

respect to *Walker v. State,* 12 Md. App. 684, 280 A. 2d 260 (1971).

In *Haley,* a pre-*Miranda* decision, the confession was obtained from a 15 year old murder suspect who was arrested at his home around midnight, taken to police headquarters without his parents and subjected to interrogation by relays of police officers for almost six hours before he made a statement inculpating himself. He was not advised of his right to counsel and not charged with the crime until three days after the statement had been given during which time a lawyer employed to represent him was denied the opportunity to talk to him on two occasions five days later. The Supreme Court, after a consideration of the totality of the circumstances, held that due process was violated by the use of the secret custody of either man or child as a device for wringing confessions from them. In *Walker v. State, supra,* the accused, a 15 year old, was arrested without a warrant and taken to a police station without notification to any member of his family. He was denied communication with anyone for a period of 15 hours, and his mother was refused an opportunity to see her son during that entire period. She did not see him until five days later. He was interrogated by a relay of four police officers and detained overnight in an unlit cell in the basement of the police station. The accused was shown pictures of the murder scene including a picture of the victim whose head had been blown off by a shotgun blast. This Court, applying the test of the totality of the circumstances as set out in *Davis v. North Carolina, supra,* found the confession elicited under these facts to be involuntary. We point out that in this case the testimony of the police officer as to the voluntariness of the statement and the waiver of the Miranda rights was totally uncontradicted. The appellant did not take the stand nor did he offer any other witness on these issues. The trial court found that the State had met its burden of proof and we agree.

We believe this case falls squarely within the perimeters of *State v. Hance,* 2 Md. App. 162, 163, 233 A. 2d 326, 329-30

(1967), in which Chief Judge Murphy, speaking for the Court, said:

> "We also conclude that the court below erred in its conclusion that Hance's statement even though voluntary, was nevertheless inadmissible in evidence because he was only fifteen years of age when he made the statement, and his mother was not permitted to attend his police interrogation. It is well established that the single standard or test by which the court is to measure the admissibility of an extrajudicial statement (or confession) is whether the statement was made freely and voluntarily, and at a time when the person making the statement knew and understood what he was saying. [citations omitted] That Hance was only fifteen years of age when he made the statement does not of itself make the statement involuntary. [citations omitted] In other words, as succinctly stated in *Green v. State*, 236 Md. 334, 339, 'age alone will not render an otherwise voluntary statement involuntary.' And, if a statement is found to be voluntary, the fact that the mother of the juvenile making the statement was not permitted to attend the interrogation would have no bearing on the admissibility of the voluntary statement."

We note in passing that the statement was skillfully used by trial counsel. Once the suppression hearing was concluded and the statement found admissible he did not object to its being submitted to the jury. The reason was obvious. The statement was at least partially exculpatory. That it was effective is found from the circumstances that the jury found the accused not guilty of rape, but guilty of the much less serious charge of battery. The admission of the statement permitted the appellant to get his version of the incident before the jury without the necessity of subjecting himself to cross-examination.

## III

The appellant asseverates that the evidence adduced at trial was insufficient to establish beyond a reasonable doubt that there was any unlawful touching of the complaining witness by the accused or that the touching occurred without the victim's consent. The appellant was found guilty of battery.

We have said that battery is a common law offense which contemplates the unlawful use of force applied directly or indirectly to the person of another. *Woods v. State,* 14 Md. App. 627, 288 A. 2d 215 (1972). Consent is an absolute defense to the crime of battery. *Avery v. State,* 15 Md. App. 520, 292 A. 2d 728 (1972).

The record discloses that the prosecutrix testified that while she was with the appellant he had her by the wrist and held her arm behind her back, and at one point, had lifted her off the floor in an attempt to push her into the hallway. She said that there was no one in sight and that she was afraid to scream, that she told the appellant to stop his advances, and that she resisted his attempt to place her on the floor. She attributed her failure to report the incident for about three weeks to the fear induced by the occurrence.

It is true that the appellant's version as recited in the statement to the police officer was substantially different, and, if believed, would have supported a conclusion that the victim consented to the alleged unlawful touching. This was, however, a conflict to be determined by the jury which was free to disbelieve the appellant's version of the incident. *Jones v. State,* 11 Md. App. 468, 275 A. 2d 508 (1971). Under the circumstances we find no error in the submission of the issue to the jury nor in the jury's conclusion that the appellant was beyond a reasonable doubt guilty of battery.

## IV

The appellant's fourth complaint is that the trial court erred in admitting into evidence the opinion testimony of a lay witness without a sufficient predicate to support it. We find no basis for this contention. The mother of the

prosecutrix was permitted to testify, over objection, to a change in the child's emotional condition. The purpose of the testimony was to explain the failure of the alleged victim to report the incident for about three weeks after it occurred. The appellant urges that the mother was not a qualified witness to give an opinion as to her daughter's emotional condition. The rule in Maryland is that a lay witness is not qualified to express an opinion about matters which are either within the scope of common knowledge and experience of the jury or which are peculiarly within the specialized knowledge of experts. *Hendrix v. State*, 200 Md. 380, 90 A. 2d 186 (1952); *Wimpling v. State*, 171 Md. 362, 189 A. 248 (1936); *Watts v. State*, 99 Md. 30, 57 A. 542 (1904); *Bremer v. State*, 18 Md. App. 291, 307 A. 2d 503 (1973), *cert. denied*, 415 U. S. 930 (1973).

The simple answer to the appellant's complaint is evident from a reading of the transcript of the trial. The mother of the prosecutrix never rendered an opinion as to *why* her daughter was acting in a manner other than what she thought to be normal. She was permitted to detail for the jury the changes in behavior and demeanor which the mother observed in the period after the alleged incident took place, but was never asked and never gave an opinion as to the psychological or emotional reasons for her change in conduct. She testified to the facts as she saw them and offered no opinion. We see no error in the court's ruling. *See Pennsylvania R. R. Co. v. Simmons*, 159 Md. 114, 150 A. 263 (1930).

## V

Finally, the appellant excepts to the failure of the trial court to give an advisory instruction to the jury as to the caution it must exercise in its consideration of the one-on-one confrontation between the testimony of the victim and the version of the events given by the accused in his statement to the police officer. It is the responsibility of the trial court, when requested, to give an advisory instruction on every essential point of law supported by the evidence in a criminal proceeding. *Dillon v. State*, 277 Md.

571, 357 A. 2d 360 (1976); *Raley v. State,* 32 Md. App. 515, 363 A. 2d 261 (1976). However, the instruction need not be given in the language suggested by counsel, but it is sufficient if it advises the jury fairly and covers all the points of law embodied in the requested instructions. In the instant case we conclude from our reading of the trial court's advisory instructions that the jury was fairly and adequately advised as to its duty in assessing the credibility of the witnesses. *England and Edwards v. State,* 274 Md. 264, 334 A. 2d 98 (1975); *Mumford v. State,* 19 Md. App. 640, 313 A. 2d 563 (1974).

For the reasons given we shall affirm.

*Judgment affirmed.*
*Costs to be paid by appellant.*