The STATE of Delaware

v.

**Mark D. ANDERSON, Timothy Anderson, Kevin Epperson, Anthony Scales, Elwood Scales, Daun Nole Weeks, Edward G. Wright, Jacob G. Wright and Maylon Jerome Trotter.**

Superior Court of Delaware,
New Castle County.

Submitted Feb. 23, 1978.

Decided April 6, 1978.

Charles K. Meuse and John T. Gandolfo, Deputy Attys. Gen., Dept. of Justice, Wilmington, for the State of Delaware.

Richard Allen Paul of Paul, Lukoff & Hurley, Wilmington, for defendant Mark D. Anderson.

Kenneth F. Carmine, of Potter & Carmine, Wilmington, for defendant Timothy Anderson.

Martin A. Schagrin of Knecht, Greenstein & Berkowitz, Wilmington, for defendant Daun Nole Weeks.

Bernard J. Gartland, Wilmington, for defendant Edward G. Wright.

Richard M. Baumeister, Asst. Public Defender, Wilmington, for defendant Jacob G. Wright.

Paul H. Spiller, of Kimmel & Spiller, Wilmington, for defendant Maylon Jerome Trotter.

WALSH, Judge.

Nine defendants, ranging in age from fifteen to seventeen, have each been charged with two counts of Rape First Degree, allegedly occurring on October 28, 1977. After a preliminary hearing in the Family Court, at which probable cause was determined to exist, the defendants were bound over for Grand Jury action since Family Court lacked subject matter jurisdiction.[1] Following indictment, five of the defendants, Jacob G. Wright, Edward G. Wright, Daun Nole Weeks, Timothy Anderson and Maylon Jerome Trotter filed motions to transfer their cases to the Family Court for trial and disposition under the provisions of 10 Del.C. § 939(b).[2] The State opposes transfer.

The four non-moving defendants have all apparently entered into agreements with the State under which the indicted charges will be nolle prossed in exchange for pleas to lesser charges and testimony against other co-defendants. One of these defendants, Mark D. Anderson, although having agreed to enter a guilty plea to a misdemeanor charge, also belatedly moves for transfer of his case to Family Court.

Each of the defendants argues that their individual backgrounds, together with the unusual nature of the offenses charged, strongly suggests a Family Court disposition of this matter. To the contrary, the State maintains that, despite their ages, the defendants, as participants in a crime which is uniquely adult in character, have forfeited the right to juvenile treatment.

Delaware, like most states which employ a two-tiered system of adjudication for juvenile offenders, proceeds on the assumption that, in most instances, the age of the offender should determine the place of adjudication. *Brooks v. Taylor*, Del.Supr., 154 A.2d 386 (1959); *Whitebread & Batey, Transfer Between Courts*, 63 Va.L.Rev. 221 (1977). Thus, the Family Court will ordinarily exercise jurisdiction over those under the age of eighteen charged with crimes, regardless of whether the offenses are classified as misdemeanors or felonies. Two areas of behavior permit disposition of the juvenile as an adult, at

---

1. 10 Del.C. § 938 provides:

   "(a) A child shall be proceeded against as an adult where:
       (1) The acts alleged to have been committed constitute first degree murder, rape or kidnapping;"

   \* \* \* \* \* \*

2. "(b) Upon application of the defendant in any case where the Superior Court has original jurisdiction over a child, the Court may transfer the case to the Family Court for trial and disposition if, in the opinion of the Court, the interests of justice would be best served by such transfer. Before ordering any such transfer, the Superior Court may hold a hearing at which it may consider evidence as to the following factors and such other factors which, in the judgment of the Court are deemed relevant:

   (1) The nature of the present offense and the extent and nature of the defendant's prior record, if any;
   (2) The nature of past treatment and rehabilitative efforts and the nature of the defendant's response thereto, if any; and
   (3) Whether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court."

least for adjudication purposes: non-amenability and certain felony charges. In the former, the Family Court has discretion to transfer the case of a juvenile over sixteen years of age to the Superior Court for trial as an adult where the juvenile has been deemed "not amenable to the rehabilitative processes" of the Family Court. 10 Del.C. § 938. Where the charges involve three designated felonies: first degree murder, rape and kidnapping, Section 938(a)(1) preempts discretion and requires adjudication at the Superior Court level. But, the transfer is not absolute. Under § 939(a), the Attorney General, without leave of Court, may transfer to Family Court cases arising under a non-amenability finding, as well as the designated felony cases. The sole standard which guides the allocation authority of the Attorney General is the course which best serves "the interests of justice".

The same general standard governs the Court's authority under § 939(b), but the Court is authorized to consider specific as well as relevant factors. In the final analysis, the Superior Court is required to make a reverse amenability determination which focuses on the nature of the alleged offense as much as on the character of the defendant. In other jurisdictions this procedure is referred to as "reverse waiver". *King v. State,* Ct.Spec.App.Md., 36 Md.App. 124, 373 A.2d 292 (1977).

■ Since a juvenile charged with a designated felony in the Superior Court has lost the benefit of Family Court adjudication by statutory pronouncement, there is a presumption that a need exists for adult discipline and legal restraint. Hence, the burden is upon the juvenile to demonstrate the contrary. *Commonwealth v. Pyle,* Pa. Supr., 462 Pa. 613, 342 A.2d 101 (1975). The moving defendants have sought to discharge this burden through the presentation of evidence in three areas: (1) their family and educational backgrounds; (2) the alternative rehabilitative processes available to them under the auspices of the Delaware Bureau of Juvenile Corrections resulting from Family Court dispositions and (3) certain mitigating factors involved in the offenses charged.

■ The State concedes that none of the moving defendants has had previous contact with the Family Court by reason of unlawful activity. There is thus no past "rehabilitative effort" against which to gauge the defendants' response. The defendants are, accordingly, entitled to at least an inference that such efforts would not be ineffective. To that end, the defendants presented the testimony of the Director of the Youth Development Center who outlined the custodial facilities and programs available to the defendants should they be committed to the Bureau of Juvenile Corrections. Each of the defendants is a high school student in good scholastic standing, although the oldest defendant, Jacob G. Wright, is of limited intelligence and considered mildly retarded. Teachers familiar with each defendant testified concerning the absence of disciplinary problems for any of the defendants. Parents, neighbors and community workers presented support in a similar vein. Thus, except for the seriousness of the offenses charged, these defendants would normally be subjected to the adjudicative processes of the Family Court.

■ Turning to the nature of the offenses, I conclude, initially, that the inquiry mandated by § 939(b)(1) is not limited to consideration of the type of offense but permits a weighing of the circumstances which surround the acts charged. The evidence considered on this point is necessarily limited and indirect since none of the defendants testified nor did the victims. But each of the victims gave extensive written statements which, together with medical records of their treatment after the incidents, provide some insight into the conduct of the defendants on the evening in question.

It appears that the victims, also high school students, ages fourteen and fifteen, had attended an outdoor sports rally at their school. At approximately nine o'clock the girls attempted to enter the school to use the toilet facilities. Finding the school

locked, they went instead to a wooded area for that purpose. They were accosted by four or five young men who attempted forcible intercourse with them. While they were held to the ground apparently one of the males achieved penetration of one girl. It is questionable if penetration was achieved of the other girl and the incident ended abruptly when passersby came on the scene. Medical evidence revealed no noticeable physical injuries on either girl except for a facial scratch. Tests for sperm were negative for both girls. It is unlikely that either will be able to make a positive identification of her attackers and the State is apparently relying upon the testimony of the non-moving co-defendants to establish identity.

The State argues that a transfer to Family Court will subvert its case by removing the incentive of the non-moving defendants to testify. Moreover, the State maintains that under the provisions of 31 *Del.C.* § 5108 the maximum term of possible confinement upon conviction will range from two and one-half years for the youngest and one year for the oldest. While these are proper considerations, they do not overcome the force of the factors which support transfer. Moreover, given the infirmities in the State's case, there is no assurance that any defendant will be convicted in this Court, even with the testimony of former co-defendants.

In the final analysis, the Court's determination must turn on the question of whether society's interest would be best served by a course of rehabilitation for young first offenders charged with a serious offense. The mitigating aspects of the offense and the weakness of identity incline the Court to a transfer of jurisdiction. In so ruling, it need hardly be stated that the Court does not consider rape a juvenile antic but a heinous offense deserving of severe punishment. But if the transfer statute is to have meaning, it must be construed to accommodate those felonies within the original jurisdiction of the Court where the statutory factors strongly suggest a transfer. On balance, it must be concluded that the interests of society as well as that of the defendants would be clearly served by a transfer to Family Court.

For these reasons, in accordance with 10 *Del.C.* § 939, the charges against all moving defendants, including Mark D. Anderson, are transferred to Family Court for appropriate disposition.

IT IS SO ORDERED.