## IN RE: RICKY B.

[No. 102, September Term, 1979.]

*Decided October 17, 1979.*

The cause was argued before GILBERT, C. J., and MOYLAN and WEANT, JJ.

Submitted on brief by *Alan H. Murrell, Public Defender,* and *George E. Burns, Jr., Assistant Public Defender,* for appellant.

*William H. Kenety, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Arthur Kravetz, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

## THE PREFACE

Being practical is often a short answer to a long problem. Sometimes, however, the short answer results in unnecessary complications. This appeal involves an apparent pragmatic conclusion reached by a trial judge in the Circuit Court for Prince George's County which, while seemingly practical, is incorrect.[1] We shall, for the reasons hereinafter stated, reverse and remand for further proceedings consistent with this opinion.

## THE FACTS

The record before us discloses that the appellant, Ricky B., then 15 years of age, was charged in a series of juvenile petitions,[2] and that he was also charged under an eighteen

---

1. "The great weakness of Pragmatism is that it ends by being of no *use* to anybody." Thomas Stearns Eliot, 1888-1965, *Francis Herbert Bradley.*

2. The four juvenile petitions charged appellant with:

   (1) Stealing and disassembling a bicycle in Cheverly, Maryland, on June 4, 1978.

   (2) Breaking and entering a dwelling on Flagstaff Avenue in Prince George's County, on June 9, 1978.

   (3) Breaking and entering a residence in Chapel Oaks, Maryland and stealing property worth more than $100.00, on June 27, 1978.

(18) count indictment[3] for offenses not within the exclusive jurisdiction of the juvenile court. *See* Md. Courts and Judicial Proceedings Code Ann. § 3-804 (d).

It developed that the appellant sought what has been stylistically known as a "reverse waiver." He asked the circuit court to waive exclusive criminal jurisdiction over him and to refer the rape and related charges to the juvenile court. Md. Ann. Code art. 27, § 594A; *Kennedy v. State,* 21 Md. App. 234, 319 A.2d 850 (1974). At the same time the State, pursuant to Courts Art. § 3-817, requested the juvenile court to waive jurisdiction over appellant so that the State could subject Ricky B. to the full panoply of the criminal law. The "reverse waiver" and the "waiver" petitions were set for hearing before the same judge on the same day. As it happened the "reverse waiver" was the first matter considered. The hearing judge concluded that the appellant was "well beyond the amenability of the Juvenile Court to treat, or rehabilitate" appellant. He declined to waive jurisdiction to the juvenile court. No immediate appeal has been nor may be taken from that decision. *In re Appeal No. 507,* 34 Md. App. 440, 367 A.2d 553 (1977).

The hearing judge then turned his attention to the State's request for waiver from the juvenile court to the circuit court. The judge said:

> "Call the juvenile numbers, and I will do that summarily, ... which I think the law provides for.
>
> . . .
>
> Having just ruled in the criminal matter ... that he [appellant] would not be waived back [*sic*] to Juvenile Court, I now find in the juvenile matter, summarily, that he should be waived up to the adult

---

(4) Breaking and entering the Fiesta Amusement Arcade office in Fairmont Heights, Maryland, on August 23, 1978.

3. The indictment charged the appellant with three (3) counts of first degree rape; two (2) counts of second degree rape; three (3) counts of attempted first degree rape; two (2) counts of attempted second degree rape; two (2) counts of assault with intent to rape; two (2) counts of assault and battery; two (2) counts of housebreaking; burglary; and destruction of private property.

court, and I will sign such a waiver order in each case."

## THE LAW

By Md. Ann. Code art. 27, § 594A (b) the Legislature has mandated that:

"In making a determination as to waiver of [criminal] jurisdiction the [hearing] court shall consider the following:

(1) Age of child;
(2) Mental and physical condition of child;
(3) The child's amenability to treatment in any institution, facility, or program available to delinquents;
(4) The nature of the alleged offense; and
(5) The public safety."

When a "reverse waiver" hearing is held, the burden of demonstrating that the waiver should be exercised is carried by the party initiating it, *i.e.,* the juvenile. *Kennedy v. State,* *supra* at 240.

The five factors of Article 27, § 594A (b) are also found, *mot á mot,* in Courts Art. § 3-817 (d). The only variance appearing in section 3-817 (d) from that of Art. 27, § 594A (b) is the legislative *fiat* in the former that the hearing court must consider the following *"criteria individually and in relation to each other on the record."* [4] *In re Johnson,* 17 Md. App. 705, 712, 304 A.2d 859, 863 (1973).

There is no real difference between Courts Art. § 3-817(d) and Article 27, § 594A (b) insofar as the legislative direction as to how the factors are to be weighed is concerned. We made clear in *Kennedy v. State, supra,* that the weighing of the factors, whether they appear in the Courts Art. § 3-817(d) or Article 27, § 594A (b), is "similar." 21 Md. App. at 240. Yet,

---

**4.** The quoted and italicized language was added to section 3-817(d) by 1977 Md. Laws, ch. 490. The language is obviously taken from In re Johnson, *supra.* By enacting ch. 490, the General Assembly turned case law into statutory law.

there is a difference in the manner in which the two statutes are applied. When a juvenile stands accused of one of those offenses expressly excluded from juvenile court jurisdiction, he or she carries the burden of establishing, under the five factors of Art. 27, § 594A (b), that the adult or criminal court should waive jurisdiction to the juvenile court. He or she must demonstrate to the hearing judge that the "reverse waiver" is "in the interest of the child or society." Md. Ann. Code art. 27, § 594A (a). *King v. State,* 36 Md. App. 124, 128, 373 A.2d 292, 295, *cert. denied,* 281 Md. 740 (1977). On the other hand, when it is the State that seeks a waiver of jurisdiction from the juvenile court to the adult or criminal court, the State shoulders the onus of showing by a preponderance of the evidence that a weighing of five factors tilts in favor of waiver and, patently, against the juvenile. *In re Trader,* 20 Md. App. 1, 315 A.2d 528, *rev'd on other grounds,* 272 Md. 364, 325 A.2d 398 (1974); *In re Barker,* 17 Md. App. 714, 305 A.2d 211 (1973).

It is possible that when a hearing is held on "reverse waiver" that the juvenile will fail to meet his burden. It is equally possible that when the hearing is held on the juvenile waiver that the State's proof will fail to pass muster, thus, leaving everyone where it finds them.

Courts Art. § 3-817 (g) provides:

> "If the [juvenile] court has once waived its jurisdiction with respect to a child . . . and that child is subsequently brought before the [juvenile] court on another charge of delinquency, the [juvenile] court may waive its jurisdiction in the subsequent proceeding after summary review."

The exception to a full-blown waiver hearing can, under the statute, only occur when there has been a prior waiver by the *juvenile court.* The statute does not permit the "summary review" when, as here, there has been a "reverse waiver" hearing by the adult or criminal court. The statute operates in one direction only; it does not allow the procedural short cut employed by the judge in the instant case. When the General Assembly has meticulously set forth a procedure to

be followed by courts in considering the waiver of juvenile jurisdiction, the courts may not, in the guise of pragmatism, judicially amend the statute.

What the hearing judge did in the instant case was to waive *summarily* juvenile jurisdiction over four otherwise exclusively juvenile offenses, because the juvenile fell short of proving by a preponderance of the evidence that the immediately previously heard "reverse waiver," regarding the eighteen count indictment, was in the interest of the juvenile or society. By so doing the court seemingly erroneously shifted the State's waiver hearing burden to the back of the juvenile and eliminated entirely the State's obligation to demonstrate that jurisdiction should have been waived. Just as "a small leak ... [may] sink a great ship" [5] so, too, may a procedural error overturn a trial court's ruling.

We paraphrase what we said in the beginning by noting that some short cuts turn out to be the longest way. The case must be reversed and remanded in order that there can be a valid waiver hearing within the meaning of Courts Art. § 3-817 (d).

> *Order waiving juvenile jurisdiction reversed and case remanded for further proceedings.*
> *Costs are not reallocated as part of the judgment of this Court pursuant to Maryland Rule 1082 F.*

---

5. Jo Petty, *Wings of Silver* (C. R. Gibson Co., 1967).